UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARGLLI GALLEGO                  :
                                 :
    Plaintiff(s),              :
                                 :
v.                               :         **CASE NO.: 20-24374-CIV-BLOOM**
                                 :
IVETTE PEREZ, *et. al.*,         :
                                 :
    Defendant(s).              :
_____   :

### DEFENDANTS' *EXPEDITED* MOTION TO STAY CASE AND TO VACATE OR SUSPEND SCHEDULING ORDER

    Defendants Luffi, Perez, Garcia and Escobar respectfully move this Court for an order staying this case, including all discovery, and otherwise vacating or suspending all deadlines and obligations set forth in the Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [ECF No. 19] (the "Order"), pending the Court's resolution of Defendants Luffi and Perez's entitlement to qualified immunity as raised in the Motion to Dismiss Plaintiff's Complaint [ECF No. 22] (the "Motion").  This motion is opposed.

    Pursuant to Local Rule 7.1(d)(2), Defendants designate this as an ***Expedited Motion*** because the Order requires Defendants to take certain actions by January 12 and 19, 2021, and this motion will not become ripe prior to those date on a normal briefing schedule.  A ruling on this matter is therefore needed prior to January 12, 2021.

    As discussed in the Motion, Officer's Luffi and Perez have invoked qualified immunity to the claims asserted against them in Plaintiff's Complaint.  *See generally* ECF No. 22 at 4-10.  They argue that Plaintiff has not plausibly alleged that their conduct violated any constitutional right, nor has the Plaintiff shown that any rights they purportedly violated were clearly established at the time of their conduct.  *See id.*  This Court has not yet ruled on the Motion, which is not scheduled to become ripe until January 20, 2021, after the dates on which all parties must provide initial disclosures (January 12) and agree to select a mediator and set a time, date, and place for mediation (January 19).  Order at 2.  In addition, the Court's order sets deadlines on disclosing experts and taking discovery which, absent relief from this Court, Officers Perez and Luffi would have to begin despite the pendency of their motion asserting qualified immunity.

1

Requiring these Officers to engage in discovery at this time would contravene Supreme Court and Eleventh Circuit precedent recognizing their absolute entitlement to be free from the burdens of discovery until any asserted immunity defense is resolved. Qualified immunity protects a municipal officer not just from liability, but also from bearing the burdens of *litigation* altogether—including discovery. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Franklin v. Curry*, 738 F.3d 1246, 1252 (11th Cir. 2013) ("Subjecting Appellants to the full 'panoply of expensive and time-consuming pretrial discovery devices,' and forcing them to defend this action based on Franklin's inadequate allegations not only runs counter to the general rules of pleading, it also undermines qualified immunity's fundamental purpose of protecting 'all but the plainly incompetent or those who knowingly violate the law' from the costs of suit." (quoting *Nero Trading, LLC v. U.S. Dep't of Treasury*, 570 F.3d 1244, 1249 (11th Cir. 2009); *Ashcroft v. al-Kidd*, ––U.S. ––, 131 S. Ct. 2074, 2085 (2011) (internal quotation marks omitted))); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, ***but from having to bear the burdens attendant to litigation, including pre-trial discovery***." (emphasis added)); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is ***entitled to dismissal before the commencement of discovery***." (emphasis added) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc))).

The Eleventh Circuit recently reaffirmed the prohibition against subjecting officers who invoke qualified immunity to any attendant burdens of litigation until the immunity questions are fully resolved, even including requiring an officer to participate in the preparation of a scheduling report and discovery planning conference. In *Howe v. City of Enterprise*, 861 F.3d 1300 (11th Cir. 2017), the Court vacated a district court's order directing the parties to confer and discuss settlement and to develop a discovery plan under Fed. R. Civ. P. 26(f), because the district court had not yet ruled on the defendants' motion to dismiss on immunity grounds. The Court held that the district court's order was inconsistent with two longstanding decisions in which it reasoned that district courts "effectively den[y] immunity" when they require officers "to further defend from liability while the immunity issue remain[s] pending." *Id.* at 1302 (citing *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996), and *Collins v. Sch. Bd. of Dade Cty.*, 981 F.2d 1203, 1204-06 (11th Cir. 1993)). The Court ordered the district court on remand to rule on

any motion to dismiss invoking qualified immunity before forcing the parties to further litigate the plaintiff's claims. *Id.* at 1303.

The Eleventh Circuit has twice since adhered to *Howe* in vacating district court orders deferring rulings on officers' qualified immunity defenses until after the close of discovery, instructing the courts to affirmatively rule on the defenses first. *See R.F.J. v. Fla. Dep't of Children & Families*, 743 F. App'x 377, 379 (11th Cir. 2018) ("Qualified immunity is not a last exit before liability. . . . Otherwise, parties could be required to expend significant time, money, and energy, only to go 90 miles down the road of a dead-end drive."); *Joseph v. Gee*, 708 F. App'x 642, 643 (11th Cir. 2018); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." (cleaned up). The upshot of these decisions is unambiguous, as courts in this District have recognized: Pretrial proceedings cannot go forward proceed absent a ruling that the Defendants are not entitled to qualified immunity. *See* Order Granting Motion to Stay Discovery, *McDowell v. Gonzalez*, No. 19-23110 (S.D. Fla. Nov. 12, 2019), ECF No. 58 (**Bloom, J**.) (staying all deadlines and hearing pending resolution of Motion to Dismiss raising qualified immunity); *Mpaka v. Migoya*, No. 18-22178, 2019 WL 3001634, at *1 (S.D. Fla. July 10, 2019) (Williams, J.) (reversing magistrate judge's denial of motion to abate scheduling order deadlines where motion for judgment on the pleadings invoking qualified immunity remained pending "in light of the Eleventh Circuit's holding in Howe, a precedent by which this Court is bound").

The Court's Scheduling Order was entered prior to the Officer's invocation of qualified immunity. However, now that the immunity has been invoked, even requiring the Officers to provide initial disclosures, or to agree on a mediator and on a time and place for mediation, would clearly run afoul of *Howe*. The order that the Eleventh Circuit vacated in *Howe*, for example, required the parties to confer and develop a plan in accordance with Rule 26(f). The Eleventh Circuit found that to "require[] the parties to confer and discuss settlement before the court rule[s] on the defendants' motion to dismiss on immunity grounds" was "inconsistent with [Circuit precedent] in *Bouchard Transportation* [91 F.3d at 1448]." *Howe*, 861 F.3d at 1302. "And the part of the order requiring the parties to develop their Rule [16.1] report before the court rule[s] on the immunity defenses is also inconsistent with *Bouchard Transportation* and other decisions which establish that immunity is a right not to be subjected to litigation **beyond the point at which immunity is asserted**." *Id.* (emphasis added). Likewise, the initial disclosure

3

requirement of Rule 26(a) and the mediation requirements of the Local Rules, which are embodied in the Scheduling Order, subject the Officers to burdens of litigation beyond the point at which immunity is asserted. The governing precedent makes clear, however, that pretrial discovery and other proceedings cannot commence without a ruling that an official is not entitled to qualified immunity. *E.g., Iqbal*, 556 U.S. at 685; *Howe*, 861 F.3d at 1302; *Blinco*, 366 F.3d at 1252. If the requested relief is not granted, the officers will be forced to bear the burdens of litigation while their qualified immunity defenses, raised in their properly framed motion to dismiss, remain outstanding, which Eleventh Circuit caselaw prohibits.

Defendants duly note that Officers Garcia and Escobar have answered the complaint and, while preserving their defense of qualified immunity, have not raised the matter by motion at this time. ECF Nos. 20-21. But "as the Supreme Court has explained, if discovery is stayed against one defendant but not related co-defendants, the stay is, practically speaking, likely to be illusory for the intended beneficiary." *McBride v. Houston Cty. Health Care Auth.*, No. 12-1047, 2013 WL 674671, at *2–3 (M.D. Ala. Feb. 25, 2013). In *Iqbal*, the Supreme Court very clearly signaled its belief that illusory benefits should be avoided and all discovery should be stayed when a government official raises the defense of qualified immunity:

> If a Government official is to devote time to his or her duties . . . it is counter-productive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of Government. . . .
>
> It is no answer to these concerns to say that discovery for [individual defendants raising qualified immunity] can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the individual defendants] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. ***Even if [the individual defendants] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.***

*Iqbal*, 556 U.S. 685–86 (emphasis added). Although this passage is dicta, courts across the country—including in this District—have nonetheless given it due consideration in deciding to stay a case across the board while the question of an individual officer's entitlement to qualified immunity was pending despite the presence of other defendants who have not asserting immunity.

The most salient decision is *McBride*, one from within the Circuit with an identical

**4**

procedural posture in which some co-defendants asserted qualified immunity by motion to dismiss and some did not. The plaintiff in *McBride* sued a city and its police chief raising federal and state law claims. The chief moved to dismiss the federal claim on qualified immunity grounds, the city moved to dismiss the state law claims, and both moved to stay discovery pending a ruling on the motions to dismiss. The Middle District of Alabama court found it "clear" that the chief was entitled to a stay pending the determination of qualified immunity. *McBride*, 2013 WL 674671, at *2. Turning to the issue of whether to stay discovery on the state-law claims or the claims against the city, the court found "an across-the-board stay [was] warranted," even while recognizing that "qualified immunity does not apply to state-law claims . . . [or] municipal defendants." *Id.* For the court, "sound judicial administration warrant[ed] a brief stay" given "the significantly intertwined nature of the claims against" the chief and the city. *Id.*

Judge Gayles expressly relied on *McBride* and *Iqbal* in granting a stay of discovery and relief from pretrial litigation obligations to the Sheriff of Broward County and an insurance company pending a ruling on two individual officers' motion to dismiss raising qualified immunity, citing the "significantly intertwined nature of the claims against all Defendants." Paperless Order Granting Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss and for Relief from the Court's Order Requiring Joint Scheduling Report and Proposed Scheduling Order Pending Court's Ruling on Motion to Dismiss, *Llauro v. Tony*, No. 19-20638 (S.D. Fla. Dec. 19, 2019), ECF No. 54. So too here. Any line between the claims against the officers who have and have not asserted qualified immunity is indecipherable. All claims arise directly out of same incident and are inextricably linked to that event. "In the interest of efficiency," then, this Court should stay discovery even as to the claims that at this time "are not covered by the qualified-immunity doctrine," *McBride*, 2013 WL 674671, at *3, because those claims are factually intertwined with the claims upon which qualified immunity has been asserted.

Other courts are in accord, and have granted across-the-board stays pending resolution of motions to dismiss raising qualified immunity:

(1) ***Rancho del Oso Pardo, Inc. v. New Mexico Department of Game & Fish*, No. 20-0427, 2020 WL 3606755 (D.N.M. July 2, 2020):** "[T]he Court need not decide whether the Department has asserted or is entitled to raise the defense of qualified immunity because, even if only Defendant Sloane has asserted and is entitled to raise the defense, there would be no point in staying discovery only as to Defendant Sloane." *Id.* at *2 n.2.

(2) ***Estate of Thakuri ex rel. Thakuri v. City of Westminster*, No. 19-2412, 2019 WL 6828306 (D. Colo. Dec. 12, 2019):** "The Court agrees that an entity defendant may not be entitled

5

to an automatic and complete stay of discovery simply because an individual defendant has asserted qualified immunity. However, the Court reads *Iqbal* to direct a strong presumption in favor of a stay as to discovery from entity defendants when an individual defendant has asserted qualified immunity. . . . [T]he Court finds pursuant to *Iqbal* that discovery should be stayed as to the entity defendant in this case as well as the individual defendant until Defendant Bare's qualified immunity defense is adjudicated[.]" *Id.* at *4–5.

(3) ***Lunsford v. Davidson County Sheriff's Office***, **No. 19-0079, 2019 WL 6037003 (M.D. Tenn. Nov. 14, 2019):** "The defendants argue that, in the absence of a complete stay, [the individual officers raising qualified immunity] would be forced to choose between monitoring the progress of discovery with respect to the other defendants—which would effectively entail 'losing the benefit of qualified immunity'—and potentially prejudicing themselves by ignoring discovery. . . . That is not a choice that [the officers] should have to make." *Id.* at *3.

(4) ***Toney v. Harrod***, **No. 15-3209, 2018 WL 5830398 (D. Kan. Nov. 7, 2018):** "In this case, where fewer than all Defendants make [an] assertion [of qualified immunity] but all defense counsel intend to be present at future depositions, the alternatives are a stay of all discovery or bifurcation of discovery between non-moving and moving Defendants. . . . [T]he Court views [bifurcation] as a wholly inefficient alternative and inconsistent with the directive and spirit of [Rule] 1. . . . On balance, the Court finds discovery should be stayed. The inconvenience of a temporary stay pending rulings on the motions to dismiss is outweighed by the inefficiency of redundant depositions." *Id.* at *2 (cleaned up).

(5) ***Wilson v. Sharp***, **No. 17-0084, 2017 WL 4685002 (M.D. La. Oct. 18, 2017):** "[S]taying all discovery to permit resolution of the qualified immunity defense that has been asserted by [the individual defendants] furthers their interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically at them), pending resolution of the defense. . . . [I]f this Court were to limit the stay order to only discovery directed to [the individual defendants], those individuals might still feel compelled to participate in the discovery process related to others, such as depositions of other witnesses that may be scheduled prior to resolution of the qualified immunity issues." *Id.* at *2.

(6) ***Doe v. El Paso County Hospital District***, **No. 13-0406, 2015 WL 3902303 (W.D. Tex. June 23, 2015):** "[The] claims against the United States are predicated largely, if not exclusively, on the alleged actions of the individual Defendants. If 'protect[ing] the substance of the qualified immunity defense . . . so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings' means anything, it must mean that a court should, whenever possible, resolve the qualified immunity issue early and avoid subjecting individual government officers to discovery that is unnecessary to resolving the qualified immunity question. The Court therefore stays all discovery against the United States until such time as the Court rules on the individual Defendants' qualified immunity defense." *Id.* at *9 (cleaned up) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998)).

(7) ***M.G. v. Metropolitan Interpreters & Translators, Inc.***, **No. 12-0460, 2013 WL 690833,**

6

> **at \*2 (S.D. Cal. Feb. 26, 2013):** "The concerns expressed in *Iqbal* regarding potential prejudice to stayed defendants appear[] real in this case if discovery is allowed other-wise to proceed. . . . To avoid prejudicing their position, the [individual] defendants, through counsel, either would have to attend the depositions that may occur or would have to seek leave to re-take depositions in which their interests have not been adequately explored or in which their position has been mischaracterized." *Id.* at \*2.

*Iqbal*'s concerns ring just as true here. Should a stay not be granted in full, then even if Officers Luffi and Perez were not subject to discovery orders, they would not be free from the burdens of discovery. Any discovery by the Plaintiff as to the claims against Officers Garcia and Escobar will surely involve deposing Officers Luffi and Perez, which would wholly negate any benefit a limited stay would bestow, as these numerous cases warn. Discovery would also involve depositions of the Plaintiff, as well as depositions of nonparty witnesses by either the Plaintiff or the Officers who have not moved to dismiss. Officers Luffi and Perez would either have to attend those depositions or seek leave to retake them. Neither option is advisable: "With the first option, the burden of discovery would not [have] been lifted as required by law. With the second option, witnesses and other parties may have to be re-deposed which is inefficient and burdensome." *M.G.*, 2013 WL 690833, at \*2; *see also Couser v. Somers*, No. 18-1221, 2019 WL 2743909, at \*4 (D. Kan. July 1, 2019) ("Even if the Court could somehow parse out specific claims on which to move forward with discovery," that bifurcated discovery would be "inefficient, impractical, and prejudicial."). What's more, "the discovery sought against [the officers who have not asserted qualified immunity] would be freely transferable against and almost certainly used to establish a factual record against the [officers who have]," *Loumiet v. United States*, 315 F. Supp. 3d 349, 353 (D.D.C. 2018), meaning that if the Court stayed the case only as far as Officers Luffi and Perez are concerned, it would be granting essentially no stay at all.

As a final note, the Plaintiff would not be prejudiced were discovery and pretrial deadlines to be stayed for a few short months pending resolution of the motion to dismiss. "[T]here is little reason to fear that the court's resolution of the qualified-immunity defense will cause a lengthy delay," as the officers' motion raising the defense is presently being briefed. *McBride*, 2013 WL 674671, at \*2. "Given that, bifurcating discovery into two stages makes little sense." *Ibid.*; *see also Cutright v. Jones*, No. 16-6346, 2017 WL 373451, at \*1 (S.D. W. Va. Jan. 25, 2017) ("[P]laintiffs will not suffer any clear hardship by waiting for a ruling on the motions to dismiss. A stay would likely delay by only a few months any recovery it receives in this case.").

Judge Cooke recently addressed a virtually identical predicament and granted an opposed

7

motion to stay across the board without awaiting a response.  Order Granting Motion to Stay Discovery, *Gomez v. Miami-Dade County*, Case No. 20-23069 (S.D. Fla. Dec. 19, 2019), ECF No. 23.  Given the overwhelming authority supporting Defendants' position, this Court should do likewise.

Accordingly, Defendants respectfully requests that this Court enter an order staying this case, including all discovery, and otherwise vacating or suspending all deadlines and obligations set forth in the Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [ECF No. 19], pending the Court's resolution of Defendants Luffi and Perez's entitlement to qualified immunity as raised in the Motion to Dismiss Plaintiff's Complaint [ECF No. 22].  A proposed order is attached.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel certifies that he has conferred with the Plaintiff in a good-faith effort to resolve the issues raised in this motion and has been unable to resolve the issues.

Dated:  December 30, 2020.

Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida  33128

By:   /s/ Ezra S. Greenberg
Ezra S. Greenberg
Assistant County Attorney
Fla. Bar. No. 85018
Telephone: (305) 375-5151
Facsimile: (305) 375-5643
Email: ezrag@miamidade.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this day on Plaintiff's counsel via CM/ECF.

/s/ Ezra S. Greenberg
Assistant County Attorney

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARGLLI GALLEGO      :
            :
 Plaintiff(s),      :
            :
v.            :  **CASE NO.: 20-24374-CIV-BLOOM**
            :
IVETTE PEREZ, *et. al.*,    :
            :
 Defendant(s).     :
_____:

## ORDER STAYING CASE

This matter comes before the Court on Defendants' Expedited Motion to Stay Case and to Vacate or Suspend Scheduling Order (ECF No. ___ ), filed December 30, 2020. The Court, having considered the motion and being fully advises in the premises, and for good cause shown, it is hereby orders that:

1. The motion is granted.

2. This case is stayed pending resolution of the Defendant's Motion to Dismiss based on qualified immunity (ECF No. 22). All discovery obligations and deadlines set forth in the Scheduling Order (ECF No. 19) are suspended until further order of the Court. The Court will reenter an appropriate scheduling order after the Motion to Dismiss has been fully resolved.

DONE AND ORDERED in Chambers, Miami, Florida, December ___ , 2020.

                    _____
                    United States District Judge

cc: counsel of record