**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MARGLLI GALLEGO | : |
| Plaintiff(s), | : |
| v. | :    **CASE NO.: 20-24374-CIV-BLOOM** |
| IVETTE PEREZ, *et. al.*, | : |
| Defendant(s). | : |

## DEFENDANT FLAVIO ESCOBAR'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, FLAVIO ESCOBAR, by and through undersigned counsel, answers the Amended Complaint ("Complaint"), filed March 25, 2021 (ECF No. 36), as follows:

1. Defendant admits the allegation in paragraphs 5-6, 28.

2. Defendant admits that the Hammocks paid off-duty Miami-Dade County police officers to provide general security for the association prior to March 6, 2018. *See Am. Compl.* ¶ 27.

3. Defendant admits that neither Officer Garcia nor Officer Escobar tasered the Plaintiff, slammed her to the ground, or made her wait outside. *See id.* ¶ 79.

4. Defendant offers no response to the allegations and counts in the Complaint alleged against other Defendant(s).

5. Defendant is without knowledge or denies all other allegations in the Complaint.

6. Defendant denies all allegations in the Complaint that have not been specifically and expressly admitted in this Answer.

7. Defendant denies that Plaintiff is entitled to any relief.

**DEFENSES**

1. The Complaint fails to state claims upon which relief can be granted.

2. Plaintiff(s)'s damages, if any, are barred or reducible in each instance that Plaintiff(s) failed to mitigate damages.

3. Plaintiff(s)' alleged injuries and damages, if any, were caused by pre-existing or post-existing condition(s) or injury(ies), and/or by actions of others, or events separate, distinct, unrelated or remote to any action or inaction of the Defendant. As such the Defendant is absolved from any responsibility or liability for such damages or injuries, and Plaintiff(s)' recovery should be reduced accordingly.

4. Defendant is entitled to qualified immunity because his actions were within the scope of his discretionary authority as a police officer.

5. Defendant is entitled to qualified immunity because his actions, including any force used, were objectively reasonable.

6. Defendant is entitled to qualified immunity because he did not act in violation of clearly established law.

7. Defendant is entitled to qualified immunity because there was arguable probable cause and/or arguable reasonable suspicion to stop, seize, and/or detain Plaintiff(s).

8. The Defendant is entitled to a set-off for all insurance, government benefits or other proceeds received by or paid on behalf of Plaintiffs from any third parties for any alleged injuries or damages resulting from Defendant's alleged conduct.

9. The Defendant reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendant demands that the Complaint be dismissed with prejudice and that he be awarded his fees and costs. Defendant demands a <u>TRIAL BY JURY</u>.

Dated:  April 8, 2021.

        Respectfully submitted,

        **GERALDINE BONZON-KEENAN**
        Miami-Dade County Attorney
        Stephen P. Clark Center
        111 N.W. 1st Street, Suite 2810
        Miami, Florida  33128

By:   /s/ Ezra S. Greenberg
       Ezra S. Greenberg
       Assistant County Attorney
       Fla. Bar. No. 85018
       Telephone: (305) 375-5151
       Facsimile: (305) 375-5643
       Email: ezrag@miamidade.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this day on Plaintiff's counsel via CM/ECF.

       /s/ Ezra S. Greenberg
       Assistant County Attorney