UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24374-BLOOM

MARGLLI GALLEGO,

    Plaintiff,

v.

IVETTE PEREZ, CARLOS LUFFI,
RICKY GARCIA, FLAVIO ESCOBAR,
all individually, and who are all residents
of the State of Florida,

    Defendants.
_____/

**MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PEREZ
AND LUFFI'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Plaintiff, MARGLLI GALLEGO ("Ms. Gallego"), respectfully requests a 14-day extension of time to respond to Perez and Luffi's *Motion to Dismiss Counts I and II of the Amended Complaint*, which was filed on April 8, 2021.[1] See [D.E. 39]. In support thereof, Ms. Gallego states the following:

1. Ms. Gallego filed the original Complaint in this case against four Miami-Dade County police officers for violating her Fourth Amendment right against unlawful seizures pursuant to 42 U.S.C. 1983. [D.E. 1].

2. On December 30, 2020, defendants Perez and Luffi filed a motion to dismiss, claiming that they are entitled to qualified immunity.[2] [D.E. 22].

---

[1] As explained below, Ms. Gallego is ultimately seeking leave of court to file a second amended complaint, but the parties do not have enough time to resolve that issue before Ms. Gallego's response in opposition to the motion to dismiss is due.
[2] The two other officers, Ricky Garcia and Flavio Escobar, filed an answer to the Complaint.

3. Ms. Gallego filed a response in opposition to Perez and Luffi's motion to dismiss. [D.E. 29]. In the response, Ms. Gallego's counsel noted that additional factors not listed in the Complaint were relevant to Perez and Luffi's claim of "bystander immunity" – a defense that counsel had no way of anticipating.

4. After Perez and Luffi filed a reply, [D.E. 32], this Court set a hearing for March 11, 2021 in order to allow the parties to argue the merits of "bystander immunity." [D.E. 33].

5. The Court granted Perez and Luffi's motion to dismiss, but allowed Ms. Gallego to file an amended complaint to add the factual allegations that she listed in her response in opposition, and that her counsel articulated in court. [D.E. 34].

6. On March 25, 2021, Ms. Gallego timely filed an Amended Complaint. [D.E. 36].

7. On March 30, 2021, Ivette Perez - the same officer being sued in this case and in a state-court defamation case - obtained an arrest warrant for Ms. Gallego, which was based on conduct that allegedly occurred back in 2016 and 2017 (mostly). See Arrest Warrant, attached as Exhibit "A."

8. Although Ms. Gallego's counsel had been in constant contact with the State Attorney's Office, MDPD Legal Bureau, and the County Attorney's Office[3], nobody informed him that a warrant was out for Ms. Gallego's arrest.

---

[3] Counsel is not suggesting that anyone had a duty to inform him of the arrest warrant, nor is Counsel suggesting that Miami-Dade County should have informed him about the warrant. Counsel is simply accounting for the gap in time between the date of the warrant, his knowledge of the warrant, and his inability to bring this issue to the Court's attention until now.

9. On April 8, 2021, Perez and Luffi filed their motion to dismiss the amended complaint. [D.E. 39].

10. On April 13, 2021, police officers from MDPD's warrant bureau arrived at Ms. Gallego's apartment, seeking her arrest. She was not present and, after negotiations with her criminal attorney, Ms. Gallego was allowed to surrender on April 15, 2021. It is important to note that the State would not provide a copy of the arrest warrant until Ms. Gallego surrendered.

11. On Thursday, April 15, 2021, Ms. Gallego surrendered herself on the outstanding arrest warrant. See Docket, Miami-Dade Circuit Court case number F21-5594, attached as Exhibit "B."

12. On Friday, April 16, 2021, Ms. Gallego and her counsel reviewed the arrest warrant and noticed several misleading, false, and malicious statements contained therein, most of which is easily disprovable. The arrest warrant also omitted important facts.

13. On Monday, April 19, 2021, Ms. Gallego's counsel contacted Perez and Luffi's counsel to inform him that Ms. Gallego intended to seek leave to amend the Amended Complaint and add the new facts surrounding Ms. Gallego's recent arrest.[4]

14. On Tuesday, April 20, 2021, Perez and Luffi's counsel indicated that he needed to review the proposed Second Amended Complaint before he could adequately confer.

15. Ms. Gallego's counsel informed Perez and Luffi's counsel that, based on the timing and number of documents involved, it would be impossible to provide a proposed Second

---

[4] Ms. Gallego's recent arrest is relevant under Federal Rule of Evidence 404(b) to prove Perez and Luffi's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." See Fed. R. Evid. 404(b).

Amended Complaint before the deadline to respond to the current motion to dismiss, which is due tomorrow, April 22, 2021.

16. Perez and Luffi's counsel indicated that, as a professional courtesy, he would not oppose a 14-day extension of time for Ms. Gallego file a response to the motion to dismiss. However, he re-affirmed his position that he is unwilling to make a commitment regarding Ms. Gallego's motion to amend the pleadings.

17. As such, Ms. Gallego seeks a 14-day extension of the due date to file a response to the motion to dismiss.

18. During that period, Ms. Gallego's counsel should be able to provide Perez and Luffi's counsel with a proposed Second Amended Complaint.

19. If Perez and Luffi does not oppose Ms. Gallego's request for leave to amend, Ms. Gallego will file a Second Amended Complaint by May 6, 2021.

20. If Perez and Luffi opposes Ms. Gallego's request for leave to amend, she will obviously seek court intervention.[5]

WHEREFORE, Marglli Gallego, respectfully requests that this Honorable Court extend the response deadline for her to respond to Perez and Luffi's motion to dismiss, with that caveat that she is ultimately seeking to file a Second Amended Complaint.

                Respectfully Submitted,

                Hilton Napoleon Esq., FBN 17593
                RASCO KLOCK  PEREZ NIETO
                2555 Ponce de Leon Blvd., Suite 600
                Coral Gables, Florida 33134

---

[5] Court intervention will obviously cause additional delay. However, if the Court denies Ms. Gallego leave to amend, counsel believes that he can provide the Court with a response in opposition to the motion to dismiss within a week.

        Telephone: 305.476.7100
        Facsimile: 305.476.7102

*Counsel for the Plaintiff, Marglli Gallego*


By: /s/ *Hilton Napoleon, II*
        Hilton Napoleon, II


## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that on or about April 19, 2021, undersigned counsel conferred with opposing counsel regarding an extension of time to file a response to the motion to dismiss and opposing counsel indicated that he did not object.

        Hilton Napoleon Esq., FBN 17593
        RASCO KLOCK  PEREZ NIETO
        2555 Ponce de Leon Blvd., Suite 600
        Coral Gables, Florida 33134
        Telephone: 305.476.7100
        Facsimile: 305.476.7102

*Counsel for the Plaintiff, Marglli Gallego*


By: /s/ *Hilton Napoleon, II*
        Hilton Napoleon, II

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2021, I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel and parties of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

          By: /s/ *Hilton Napoleon, II*
               Hilton Napoleon, II