UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO.: 20-cv-24374-BB

MARGLLI GALLEGO,

    Plaintiff,

v.

IVETTE PEREZ, CARLOS LUFFI,
RICKY GARCIA, FLAVIO ESCOBAR,
all individually, and who are all residents
of the State of Florida,

    Defendants.
_____/

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, MARGLLI GALLEGO, moves for an order of this Court granting her Motion for Leave to File a Second Amended Complaint against Defendants IVETTE PEREZ, CARLOS LUFFI, RICKY GARCIA and FLAVIO ESCOBAR in their individual capacities and allege the following:

1. Mrs. Gallego filed the original Complaint in this case against four Miami-Dade County police officers for violating her Fourth Amendment right against unlawful seizures pursuant to 42 U.S.C. 1983. [D.E. 1].

2. On December 30, 2020, defendants Perez and Luffi filed a motion to dismiss, claiming that they are entitled to qualified immunity.[1] [D.E. 22].

---

[1] The two other officers, Ricky Garcia and Flavio Escobar, filed an answer to the Complaint.

3. Mrs. Gallego filed a response in opposition to Perez and Luffi's motion to dismiss. [D.E. 29]. In the response, Mrs. Gallego's counsel noted that additional factors not listed in the Complaint were relevant to Perez and Luffi's claim of "bystander immunity" – a defense that counsel had no way of anticipating.

4. After Perez and Luffi filed a reply, [D.E. 32], this Court set a hearing for March 11, 2021 in order to allow the parties to argue the merits of "bystander immunity." [D.E. 33].

5. The Court granted Perez and Luffi's motion to dismiss, but allowed Mrs. Gallego to file an amended complaint to add the factual allegations that she listed in her response in opposition, and that her counsel articulated in court. [D.E. 34].

6. On March 25, 2021, Mrs. Gallego timely filed an Amended Complaint. [D.E. 36].

7. On March 30, 2021, Ivette Perez - the same officer being sued in this case and in a state-court defamation case - obtained an arrest warrant for Mrs. Gallego, which was based on conduct that allegedly occurred back in 2016 and 2017 (mostly).

8. Although Mrs. Gallego's counsel had been in constant contact with the State Attorney's Office, MDPD Legal Bureau, and the County Attorney's Office[2], nobody informed him that a warrant was out for Mrs. Gallego's arrest.

9. On April 8, 2021, Perez and Luffi filed their motion to dismiss the amended complaint. [D.E. 39].

10. On April 13, 2021, police officers from MDPD's warrant bureau arrived at Mrs. Gallego's apartment, seeking her arrest. She was not present and, after negotiations with her

---

[2] Counsel is not suggesting that anyone had a duty to inform him of the arrest warrant, nor is Counsel suggesting that Miami-Dade County should have informed him about the warrant. Counsel is simply accounting for the gap in time between the date of the warrant, his knowledge of the warrant, and his inability to bring this issue to the Court's attention until now.

criminal attorney, Mrs. Gallego was allowed to surrender on April 15, 2021. It is important to note that the State would not provide a copy of the arrest warrant until Mrs. Gallego surrendered.

11. On Thursday, April 15, 2021, Mrs. Gallego surrendered herself on the outstanding arrest warrant.

12. On Friday, April 16, 2021, Mrs. Gallego and her counsel reviewed the arrest warrant and noticed several misleading, false, and malicious statements contained therein, most of which is easily disprovable. The arrest warrant also omitted important facts.

13. On Monday, April 19, 2021, Mrs. Gallego's counsel contacted Perez and Luffi's counsel to inform him that Mrs. Gallego intended to seek leave to amend the Amended Complaint and add the new facts surrounding Mrs. Gallego's recent arrest.[3] After investigating the criminal arrest and providing Perez and Luffi's counsel with a Second Amended Complaint, Luffi and Perez's counsel indicated that he objects to granting leave to file a Second Amended Complaint

14. Nevertheless, Mrs. Gallego respectfully move the Court for leave to file a Second Amended Complaint, which is attached as Exhibit "A."

15. Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

16 Mrs. Gallego moves to file the Second Amended Complaint, at it would serve justice and promote judicial efficiency.

17. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

---

[3] Ms. Gallego's recent arrest is relevant under Federal Rule of Evidence 404(b) to prove Perez and Luffi's "absence of mistake or lack of accident." See Fed. R. Evid. 404(b).

WHEREFORE, Marglli Gallego, respectfully requests that this Honorable Court enter an order allowing her to file the attached Second Amended Complaint.

Respectfully Submitted,

Hilton Napoleon Esq., FBN 17593
RASCO KLOCK  PEREZ NIETO
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7100
Facsimile: 305.476.7102

*Counsel for the Plaintiff, Marglli Gallego*


By: */s/ Hilton Napoleon, II*
      Hilton Napoleon, II


## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that on or about May 12, 2021, undersigned counsel conferred with opposing counsel regarding filing a Second Amended Complaint and opposing counsel indicated that he did object to this motion.

Hilton Napoleon Esq., FBN 17593
RASCO KLOCK  PEREZ NIETO
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7100
Facsimile: 305.476.7102

*Counsel for the Plaintiff, Marglli Gallego*


By: */s/ Hilton Napoleon, II*
      Hilton Napoleon, II

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 13, 2021, I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel and parties of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

    By:  /s/ *Hilton Napoleon, II*
          Hilton Napoleon, II