UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARGLLI GALLEGO            :
                           :
    Plaintiff(s),           :
                           :
v.                          :        CASE NO.: 20-24374-CIV-BLOOM
                           :
IVETTE PEREZ, *et. al.*,    :
                           :
    Defendant(s).           :
_____ :

**DEFENDANTS' MOTION TO PARTIALLY LIFT STAY FOR DISCOVERY**

Defendants Luffi, Perez, Garcia and Escobar respectfully move this Court for an order partially lifting the stay in this case [ECF No. 69], to permit discovery only, and otherwise keeping the stay in place with respect to any other pretrial deadlines, pending this issuance of the mandate in Appeal No. 21-13212-HH (the "Appeal") that is currently pending in the United States Court of Appeals for the Eleventh Circuit. This motion is opposed. The good cause supporting this motion is as follows:

**MEMORANDUM OF LAW**

1. On August 23, 2021, the Court denied Officer Luffi and Officer Perez's motion to dismiss the Second Amended Complaint based on qualified immunity. ECF No. 61.

2. The next day, a Scheduling Order was entered setting this case for trial in August 2022 and ordering standard pretrial deadlines regarding discovery, dispositive motions, experts, and other matters. ECF No. 62.

3. Defendants Luffi and Perez filed a notice of appeal based on qualified immunity on September 20, 2021 and thereafter moved to stay the case in the district court pending the resolution of the Appeal. ECF No. 67.

4. The trust of the motion was that part of the qualified immunity defense includes an immunity from the burdens of litigation, including discovery, until that immunity is resolved. *See, e.g.*, *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004); ECF No. 67 at 2-3.

5. During the pre-filing conferral on that motion, Plaintiff objected to the stay but then failed to formally oppose the motion, which the Court granted on October 8, 2021. ECF No. 69. The Court recognized that discovery on the claims against Officers Escobar and Garcia would

1

have to proceed at some point regardless of the disposition of the appeal but because those claims were "inextricably intertwined" with the claims against Officers Perez and Luffi, it would be impractical to proceed on discovery piecemeal without also subjecting Officers Perez and Luffi to the burdens of litigation while their immunity defense was pending on appeal. *Id.* at 1-2. The Court also cited the conservation of judicial resources as a reason for staying the case. *Id.* at 1.

6. Two days ago, however, Plaintiff noticed both Officer Perez and Officer Luffi for full-day depositions in her pending criminal case to take place February 9 and 10, 2022 and served subpoenas on the State Attorney for Officers Perez and Luffi's depositions. These documents are attached as **Exhibit A**. The depositions will cover the same course of conduct that is alleged in the Second Amended Complaint and there is little reason to believe they will not be admissible as evidence in this proceeding just as depositions taken pursuant to Fed. R. Civ. P. 30. Of course, Officers Perez and Luffi cannot assert qualified immunity in response to process in a criminal case as that defense is limited to immunity in civil lawsuits for money damages. Consequently, these depositions are expected to proceed.[1]

7. Because Officers Perez and Luffi will now be subject to discovery on the very subject matter underlying the Second Amended Complaint, albeit through a different process, the protection of qualified immunity for discovery appears to have evanesced. The upshot is that the rationale behind seeking the stay no longer applies. First, Officers Perez and Luffi will now be subject to the burdens of discovery in the criminal case on the very same course of conduct alleged in the Second Amended Complaint and that discovery will almost certainly be admissible in this case. Second, because the claims against Officers Garcia and Escobar will proceed regardless of the outcome of the Appeal, resources will not be conserved, only delayed, by keeping the stay in place. Third, the three other parties to this action, Officers Garcia and Escobar, and Plaintiff Gallego, have no legal interest in a qualified immunity stay in this posture; and the sole parties who would normally have that interest, Officers Perez and Luffi, have essentially had that interest defeated because overlapping discovery can and will be taken in state criminal court.

8. The undersigned apologizes for not having the foresight to realize this would

---

[1] The state criminal docket indicates that have been previous deposition notices, but the undersigned does not have access to the state criminal court file at this time and is not certain which witnesses those notices pertained to. In all events, it is the undersigned's understanding that the January 5, 2022 notices were the only ones coordinated with the schedules of all parties.

2

happen; he has never litigated a case in quite this posture before. But given our current posture, a different goal of qualified immunity is now at stake: resolving the claims against public officials as soon as possible. Qualified immunity exists to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1254 (11th Cir. 2010) (citation omitted). "Immunity ordinarily should be decided by the court long before trial." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). Indeed, it "should be resolved at the earliest possible stage of a litigation," *Anderson v. Creighton*, 483 U.S. 635, 646 (1987), and "preferably on pretrial motions," *Ansley v. Heinrich*, 925 F.2d 1339, 1348 (11th Cir. 1991).

9. Given that Officers Perez and Luffi will now be subjected to discovery regarding the very subject matter of the Second Amended Complaint notwithstanding the qualified immunity appeal, their interest now merges with that of Officers Escobar and Garcia to commence discovery so that the merits of the case can be resolved as soon as possible. (Officers Escobar and Garcia have also asserted qualified immunity in their Answers and may of course raise it via motion later. ECF Nos. 51-52.). Certainly, we are not suggesting that the Court set a trial date or require pretrial motions while the Appeal is pending, as the Court lacks jurisdiction to try ***the merits*** with respect to Officers Perez and Luffi at this time. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982); *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals."). And it would surely be wasteful to try the claims against Officers Escobar and Garcia alone, when it is possible the claims against Perez and Luffi may also require a trial. But by lifting the stay for the limited purpose of allowing discovery in the district court, the Court significantly increases the likelihood of a speedier resolution of this case following the Appeal by decreasing the discovery that will need to take place once the appeal is resolved. Simply put, lifting the stay as to discovery will allow speedier resolution of this entire proceeding, which comports with both the aims of qualified immunity and those of the federal rules of civil procedure generally. *See* Fed. R. Civ. P. 1. And because the appeal cannot resolve all the claims in this action, any countervailing argument about conservation of resources would be relatively weak.

10. Plaintiff has previously requested that discovery proceed in this Court. Plaintiff

3

opposed staying discovery after the Court granted the first motion to dismiss, *see* Mar. 11, 2021 Hrg. Tr., ECF 35 at 26:22-27:19 (explain the importance of taking discovery from Defendants Perez, Luffi, Garcia, and Escobar), and after the Court denied the third motion to dismiss, *see* ECF No. 67 at 1, 7. Now, however, Plaintiff has taken a different position and opposes lifting the stay. Because she is now able to take discovery through the state court criminal process, the perpetuation of the stay here lets Plaintiff have her cake and eat it too—taking discovery for herself but denying it to those she has sued. While we certainly understand Plaintiff's desire to maximize her procedural advantages, she should have no say in the matter. The protection from discovery pending the resolution of qualified immunity belongs to the public official; if, because of the present circumstances, the public officials choose not to assert that aspect of the qualified immunity defense, a plaintiff can have no legitimate objection to proceeding with discovery in a civil lawsuit that she initiated.

## CONCLUSION

For these reasons, the stay entered on October 8, 2021, ECF No. 69, should be lifted as to discovery only, without imposing any other pretrial deadlines on the parties until the resolution of the Appeal. In accordance with the Local Rules, a proposed order it attached.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel certifies that he has conferred with the Plaintiff in a good-faith effort to resolve the issues raised in this motion and has been unable to resolve the issues.

Dated: January 7, 2022.

Respectfully submitted,

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By:  /s/ Ezra S. Greenberg
Ezra S. Greenberg
Assistant County Attorney
Fla. Bar. No. 85018
Telephone: (305) 375-5151
Facsimile: (305) 375-5643
Email: ezrag@miamidade.gov

4

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of the foregoing was served this day on Plaintiff's counsel via CM/ECF.

/s/ Ezra S. Greenberg<br>
Assistant County Attorney

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARGLLI GALLEGO                     :
                                    :
    Plaintiff(s),                   :
                                    :
v.                                  :         **CASE NO.: 20-24374-CIV-BLOOM**
                                    :
IVETTE PEREZ, *et. al.*,            :
                                    :
    Defendant(s).                   :
_____:

**ORDER PARTIALLY LIFTING STAY FOR DISCOVERY**

This matter comes before the Court on Defendants' Motion to Partially Lift Stay as to Discovery (ECF No. ___ ), filed January 7, 2022. The Court, having considered the motion and being fully advises in the premises, and for good cause shown, hereby orders that:

1.  The motion is granted.

2.  This stay entered on October 8, 2021, is **LIFTED as to DISCOVERY ONLY**. The remainder of the stay order shall expire upon the issuance of the mandate in Appeal No. 21-13212-HH that is currently pending the United States Court of Appeals for the Eleventh Circuit.

DONE AND ORDERED in Chambers, Miami, Florida, January ___, 2022.

_____
United States District Judge

cc: counsel of record