**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-24374-BB**

MARGLLI GALLEGO,

    Plaintiff,

v.

IVETTE PEREZ, CARLOS LUFFI,
RICKY GARCIA, FLAVIO ESCOBAR,
all individually, and who are all residents
of the State of Florida,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO PARTIALLY LIFT STAY FOR DISCOVERY**

Plaintiff, Marglli Gallego ("Mrs. Gallego"), files this Response in Opposition to *Defendants' Motion to Partially Lift Stay for Discovery*, see [D.E. 73], and states the following in support thereof:

**INTRODUCTION**

The applicability of a stay during an appeal of qualified immunity is akin to pregnancy – a person is either pregnant or not, and a stay is either applicable or not. There is no in between. Nevertheless, the Defendants ask this Court to "partially" lift the stay and proceed with discovery, but forgo setting a trial date or allowing pretrial motions. The Defendants' unprecedented request to split the baby is completely baseless. The Defendants' lack of legal authority cited in their motion is telling of this fact.

More telling of the frivolity of the current motion, however, is the Defendants' own language in their renewed motion to stay, filed just months ago, which is completely contrary to

their current position. Compare [D.E. 67 to D.E. 73]. In their renewed motion to stay, the Defendants represented to the Court that "qualified immunity protects government officials from having to bear the burdens of … pretrial discovery," and therefore, "a district court … properly stays discovery pending appeal of a denial of immunity." [D.E. 67, pg. 2]. According to the Defendants, "[t]he upshot of [the case law] is unambiguous: Pretrial proceedings cannot go forward [sic] absent a ruling that the Defendants are not entitled to qualified immunity. See [D.E. 67, pg. 3] *citing McDowell v. Gonzalez*, No. 19- 23110 (S.D. Fla. Nov. 12, 2019), ECF No. 58 (**Bloom, J.**) (staying all deadlines and hearing pending resolution of Motion to Dismiss raising qualified immunity). Now, the Defendants' request to "partially" lift the stay, which is a complete 180 degree turn from their prior position. [D.E. 73]. However, the Defendants failed to cite any legal basis for their request. Accordingly, the Defendants' motion must be denied.

## **MEMORANDUM OF LAW**

On August 23, 2021, this Court denied Perez and Luffi's motion to dismiss the complaint based upon the doctrine of qualified immunity. [D.E. 61]. Perez and Luffi appealed the Court's decision to the Eleventh Circuit Court of Appeals. [D.E. 65].

On September 23, 2021, the Defendants filed a renewed motion to stay[1] the underlying proceedings. [D.E. 67]. In their renewed motion to stay, the Defendants cited approximately 30 cases to support their argument that a district court must "stay[] discovery pending appeal of a denial of immunity" and "has lost jurisdiction over the [Defendants]." [D.E. 67, pgs. 2, 4]. Mrs.

---

[1] On December 30, 2020, the Defendants filed their first motion to stay pending this Court's determination of qualified immunity. [D.E. 23]. According to the Defendants, "the Eleventh Circuit recently affirmed the prohibition against subjecting officers who invoke qualified immunity … to [even] participate in the preparation of a scheduling report and discovery planning conference." See [D.E. 23, pg. 2]. Mrs. Gallego did not oppose the motion and stipulated that the relief requested in the Defendants' motion was well-taken. [D.E. 25].

Gallego did not file a response in opposition because the law clearly mandated a stay pending appeal.  See [D.E. 67].  Accordingly, this Court entered a stay until the Eleventh Circuit determines the issue of qualified immunity.  [D.E. 69].  The Court also administratively closed the case.  *Id*.

On January 7, 2022, just months after moving for a stay, the Defendants moved to "partially" lift the stay to permit *discovery only*.  [D.E. 73].  The Defendants sought to enforce the stay with respect to all other pretrial deadlines and trial.  [D.E. 73, ¶ 9].  In their motion to lift the stay, the Defendants cited two cases that supposedly supported their position, but are actually contrary to their position.  See [D.E. 73, pg. 3] citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F. 2d 1059, 1063 (5th Cir. 1990).  The remaining portion of the Defendants' motion is nothing more than baseless innuendo as to why the stay should be lifted.

For example, the Defendants argue that the stay should be lifted because Mrs. Gallego noticed Perez and Luffi for depositions in her pending criminal case.  [D.E. 73, ¶ 6].  According to the Defendants, Mrs. Gallego should not be able to "have her cake and eat it too" – meaning that she should not be able to depose Perez and Luffi in her criminal case, but then prevent them from deposing her here.  [D.E. 73, ¶ 10].  The Defendants' argument is nonsensical.

First, no reasonable person would possibly suggest that being arrested, having your mugshot blasted all over the news, having to hire a criminal defense attorney and a civil rights attorney, and having to defend a fraudulent criminal proceeding is "having your cake."  The Defendants' suggestion that Mrs. Gallego is obtaining some level of benefit, satisfaction, or enjoyment by having to depose Perez and Luffi in the criminal case is absurd.

Second, Perez and Luffi's pending depositions stem from their involvement in a state court criminal case, not from the litigation here.  Mrs. Gallego did not ask Perez and Luffi to falsely arrest *after* she filed this lawsuit against them.  To be clear, Mrs. Gallego would much rather prefer to have the criminal case dropped, and forgo her legal right to depose Perez and Luffi in the state court.  Until that happens, Mrs. Gallego will vociferously defend herself against the criminal charges.  If Perez and Luffi did not want to be deposed in Mrs. Gallego's criminal case, then they should have thought about that before they fabricated[2] an arrest warrant against her.  Perez and Luffi have decades of experience as police officers and should have known that they were going to be deposed – a fact that was readily available to them well before they moved for a stay in this case.  Perez and Luffi cannot now complain about their inability to assert qualified immunity "in response to process in a criminal case."  [D.E. 73, ¶ 6].

Second, Perez and Luffi claim that time and resources may be wasted if the stay of discovery is not lifted.  According to the Defendants, "it would surely be wasteful to try the claims against Officers Escobar and Garcia alone, when it is possible the claims against Perez and Luffi may also require a trial."  [D.E. 73, ¶ 9].  While it is "possible" the claims against Perez and Luffi may require a trial, the Defendants obviously believe that the claims against them may get dismissed, which is exactly what they are seeking on appeal.  In such a scenario, Mrs. Gallego would waste valuable resources conducting discovery on Perez and Luffi - who may not even be a party to the trial.  That is more of a waste than what the Defendants are hypothesizing about.

---

[2] See [D.E. 46, ¶¶ 118 – 181; D.E. 46-1 through D.E. 46-13].

The Defendant also claims that, "by lifting the stay for the limited purpose of allowing discovery…, the Court significantly increases the likelihood of a speedier resolution." On this point, the Defendants are posturing a position never taken before by any of their fellow officers. Counsel has never seen a case before where a police officer voluntarily waive his right to have a stay entered while contesting the denial of immunity, solely to expedite the case. Quite frankly, the Defendants position is one usually made by 1983 plaintiff who had to wait months, if not years, to resolve. The law simply does not support the Defendants' contention.

Along the same lines, Mrs. Gallego is not "eating her cake too." It is important to remember that the Defendants moved for a complete stay in this case pending the resolution of their claim to immunity. The Defendants created this situation, not Ms. Gallego.

Moreover, the Defendants have shown their true intentions. The Defendants would like to lift the stay solely to propound discovery against her and seek to depose her, all in contravention of her Fifth Amendment right against self-incrimination. Lifting the stay here will not conserve judicial resources, as the Defendants suggest. If the Court lifts the stay, Ms. Gallego will move for her own stay in order to protect her Fifth Amendment right against self-incrimination – something that the state court judge presiding over her defamation case has already ruled upon in her favor.

## CONCLUSION

The Defendants did a marvelous job explaining to this Court why a stay of the proceedings must be enforced until the issue of qualified immunity is resolved – both at the trial court level and on appeal. See [D.E. 23, D.E. 67]. The Defendants cited to a plethora of cases to support their argument that a stay was legally mandated – something that Mrs. Gallego did not oppose. Now, the Defendants failed to cite a single case to support their position and cannot explain how the

circumstances mandate a change – something that they knew about well before a stay was entered. Accordingly, the Defendants position is baseless and legally unsupported.  The Defendants motion must be denied.

**Dated:** January 21, 2022.

                                               Respectfully Submitted,

Hilton Napoleon, II, Esq., FBN 17593
RASCO KLOCK PEREZ NIETO
Counsel for the Plaintiff, Marglli Gallego
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7100
Facsimile: 305-476-7102
Email: hnapoleon@rascoklock.com


By: /s/ *Hilton Napoleon, II*
       Hilton Napoleon, II