UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24374-BLOOM/Otazo-Reyes

MARGLLI GALLEGO,

    Plaintiff,

v.

IVETTE PEREZ, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO PARTIALLY LIFT STAY

**THIS CAUSE** is before the Court upon Defendants' Motion to Partially Lift Stay for Discovery, ECF No. [73] ("Motion"), filed on January 7, 2022. Plaintiff filed a Response in Opposition to the Motion, ECF No. [74] ("Response"), to which Defendants filed a Reply, ECF No. [75] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On September 20, 2021, Defendants Ivette Perez and Carlos Luffi filed a Notice of Appeal, ECF No. [65], contesting the Court's Order denying their motion to dismiss based on qualified immunity. *See* ECF No. [61]. On September 23, 2021, Defendants filed a Renewed Motion to Stay Case and Vacate or Suspend Scheduling Order, ECF No. [67] ("Motion to Stay"), requesting that the Court suspend all deadlines and obligations set forth in the Scheduling Order, ECF No. [62], pending the issuance of the mandate in Appeal No. 21-13212-HH (the "Appeal"). The Court agreed that a stay of all proceedings pending the resolution of Appeal was appropriate and granted the Motion to Stay. ECF No. [69].

Defendants now request that the Court partially lift the stay in these proceedings to permit discovery only, and otherwise keep the stay in place with respect to any other pretrial deadlines pending the Eleventh Circuit's mandate. *See generally* ECF No. [73]. Specifically, Defendants explain that, two days prior to filing the instant Motion, "Plaintiff noticed both Officer Perez and Officer Luffi for full-day depositions in her pending criminal case to take place February 9 and 10, 2022 and served subpoenas on the State Attorney for Officers Perez and Luffi's depositions." *Id.* at 2. Defendants represent that "[b]ecause Officers Perez and Luffi will now be subject to discovery on the very subject matter underlying the Second Amended Complaint, albeit through a different process, the protection of qualified immunity for discovery appears to have evanesced" and "the rationale behind seeking the stay no longer applies." *Id.* As such, Defendants maintain that given that Officers Perez and Luffi are subject to discovery in a parallel criminal case, "their interest now merges with that of Officers Escobar and Garcia to commence discovery so that the merits of the case can be resolved as soon as possible." *Id.* at 3.

Plaintiff opposes the Motion, arguing that considerations of judicial economy and case administration weigh in favor of continuing the stay in this action. *See generally* ECF No. [74]. Additionally, Plaintiff avers that Defendants are seeking "to lift the stay solely to propound discovery against her and seek to depose her, all in contravention of her Fifth Amendment right against self-incrimination." *Id.* at 5. As such, Plaintiff explains that "[i]f the Court lifts the stay, [she] will move for her own stay in order to protect her Fifth Amendment right against self-incrimination — something that the state court judge presiding over her defamation case has already ruled upon in her favor." *Id.*

Upon review of the record and consideration of the parties' briefings, the Court declines to partially lift the stay in these proceedings and finds that a continued stay is warranted in order to

protect Plaintiff's Fifth Amendment privilege against self-incrimination. "A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Kordel*, 397 U.S. 1, 12-13 & n. 27 (1970)). "The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'" *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). While the mere existence of parallel criminal and civil proceedings do not automatically mandate a stay of the latter, it is clear to the Court that there is an "overwhelming degree of overlap" between the pending criminal charges against Plaintiff and the instant action.[1] *Gonzalez v. Israel*, No. 15-cv-60060, 2015 WL 4164772, at *3 (S.D. Fla. July 9, 2015); *see also Love v. City of Lanett*, No. 3:09-cv-622-MEF, 2009 WL 2525371, at *2 (M.D. Ala. Aug. 17, 2009) ("[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." (citation omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [73]**, is **DENIED**.

2. This case is **STAYED** pending the issuance of the mandate in Appeal No. 21-13212-HH or resolution of the parallel criminal proceeding, whichever occurs later.

---

[1] Indeed, in support of their Motion, Defendants concede that the depositions in the parallel criminal proceeding against Plaintiff "will cover the same course of conduct that is alleged in the Second Amended Complaint and there is little reason to believe they will not be admissible as evidence in this proceeding[.]" ECF No. [73] 2; *see also id.* (arguing that "Officers Perez and Luffi, have essentially had [their legal interest in a qualified immunity stay] defeated because overlapping discovery can and will be taken in state criminal court.").

Case No. 20-cv-24374-BLOOM/Otazo-Reyes

3. **On or before March 25, 2022**, the parties shall file a joint report advising the Court of the status of the parallel criminal proceeding.

4. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 11, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record