UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARGLLI GALLEGO                    :
                                   :
        Plaintiff(s),              :
                                   :
v.                                 :        CASE NO.: 20-24374-CIV-BLOOM
                                   :
IVETTE PEREZ, *et. al.*,           :
                                   :
        Defendant(s).              :
_____   :

## DEFENDANTS' MOTION TO MODIFY STAY ORDER

Defendants Luffi, Perez, Garcia and Escobar respectfully move for an order lifting the stay entered on February 14, 2022, ECF No. 77 (the "Order"), to allow discovery, or, at a minimum, rescinding the portion of the order that makes the stay dependent on the termination of all criminal proceedings in *State of Florida v. Marglli Gallego*, F21-005594.  As set forth below, neither the law in this Circuit nor the circumstance of this case warrant a stay to protect Plaintiff from having to invoke her Fifth Amendment right against self-incrimination.

## BACKGROUND

On October 8, 2021, the Court entered an order staying this case pending the conclusion of the interlocutory appeal from the denial of Officers Perez and Luffi's motion to dismiss the Second Amended Complaint based on qualified immunity. ECF No. 69. The basis of the order was that the officers should not be subject to the burdens of litigation while their qualified immunity defense remained pending on appeal. *Id.*

On January 5, 2022, Plaintiff noticed Officers Perez and Luffi for depositions in her criminal case. Realizing that Officers Perez and Luffi would now be subject to equivalent burdens of litigation notwithstanding their assertion of qualified immunity here, all Defendants moved to

1

lift the stay as to discovery so that the case could proceed expeditiously in this Court. ECF No. 73.

In response, Plaintiff argued that the original stay should remain in place based on the rational set forth in the initial motion. ECF No. 74 at 2-5. In a single paragraph, and without citing any authority, Plaintiff suggested that Defendants sought to depose her "in contravention of her Fifth Amendment right against self-incrimination," that lifting the stay would not conserve judicial resources, and that she would move for her own stay to protect her Fifth Amendment rights, a position upon which she had already prevailed in state court.[1] *Id.* at 5. In their reply, Defendants argued that Plaintiff's Fifth Amendment right is only violated when her silence is used against her in ***a criminal proceeding***, something Defendants are powerless to do. ECF No. 75 at 3. After the motion was fully briefed, the Court decided that a continued stay was warranted but not based on qualified immunity. Instead, the Court found that the case should be stayed pending the resolution of criminal charges against Plaintiff "to protect Plaintiff's Fifth Amendment privilege against self-incrimination." Order at 2-3.

## <u>MEMORANDUM OF LAW</u>

Pursuant to Rule 54(b), the Court has discretion to modify an interlocutory order at any time.  Fed. R. Civ. P. 54(b). Motions to modify a pre-trial order are not subject to the restrictions or standards of Rules 59 and 60. *See* Fed. R. Civ. P. 60(b) advisory committee's note (1946) ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of

---

[1] Officers Luffi and Perez filed a Petition for Writ of Certiorari in Florida's Third District Court of Appeal on February 8, 2022, to quash the trial court's order staying the case. The Court of Appeal ordered Plaintiff to respond by March 4, 2022. The Petition and Order are attached as **Exhibits A and B** to this Motion.

the court rendering them to afford such relief from them as justice requires."); *see also*, *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"); *American Canoe Ass'n, Inc. v. Murphy Farms, Inc.,* 326 F.3d 505, 514-15 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment.") (citing 12 Moore's Federal Practice § 60.23). The Court should exercise its discretion and revisit the Order because Plaintiff failed to demonstrate her entitlement to a stay under Circuit precedent and a proper consideration of the law and facts would not have entitled her to the relief the Court granted.

## **ARGUMENT**

The Court should have rejected Plaintiff's suggestion to stay this case based on her Fifth Amendment rights because "a blanket assertion of the privilege [against self-incrimination] is an inadequate basis for the issuance of a stay" in a civil case. *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994). And a "blanket assertion" is all that Plaintiff offered. *See* ECF No. 74 at 5. Nevertheless, the Court found that "special circumstances" existed that required the issuance of a stay to protect Plaintiff from having to invoke her Fifth Amendment right against self-incrimination in this case. ECF No. 77 at 3. This conclusion was erroneous for several reasons:

First, the Eleventh Circuit has made clear that "special circumstances" requiring a stay in a civil case exist only when a criminal defendant is "forced to choose between preserving his fifth amendment privilege against self-incrimination and losing a civil lawsuit, ***in which he [is] a defendant***." *Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944, 947 (11th Cir. 1990) (emphasis added). *Pervis* specifically found this doctrine inapplicable to a civil plaintiff. *Id.* In a later case,

the Eleventh Circuit explained that "that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991), *as amended* (Nov. 5, 1991) (quoting *United States v. A Single Family Residence & Real Property,* 803 F.2d 625, 629 n. 4 (11th Cir. 1986)). But, the Eleventh Circuit noted, it previously recognized an exception in *Pervis* that "the Fifth Amendment is violated when a person, ***who is a defendant in both a civil and a criminal case***, is forced to choose between waiving his privilege against self-incrimination or ***losing the civil case on summary judgment***." *Premises Located at Route 13*, 946 F.2d at 756 (emphasis added); *accord Ludwin v. Proman*, 20-81755-CIV, 2021 WL 3934264, at *2 (S.D. Fla. Mar. 1, 2021) ("[T]he right to avoid self-incrimination under the Fifth Amendment is violated 'when a person, ***who is a defendant in both a civil and criminal case***, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment.'") (emphasis added) (quoting *Tribble v. Tew*, 760 F. App'x 718, 712 (11th Cir. 2019)); *Kobarid Holding, S.A. v. Reize*n, 03-23269-CIV, 2005 WL 8169267, at *1 (S.D. Fla. Mar. 14, 2005) ("the Fifth Amendment is violated only when a person, ***who is a defendant in both a civil and a criminal proceeding*** is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment") (emphasis added).

The Court erred by applying this doctrine to a civil plaintiff. *See Tribble*, 760 F. App'x at 721 (upholding district court's order to dissolve stay of proceedings when a ***civil plaintiff*** sought to asserted privilege against self-incrimination, explaining that the plaintiff "cannot use the Fifth Amendment both as a shield against self-incrimination and as a sword allowing him to indefinitely encumber the other parties' property rights without meeting his burden of proof"); *Arango v. U.S. Dept. of the Treasury*, 115 F.3d 922, 926 (11th Cir. 1997) ("A party who asserts the privilege may

not 'convert [it] from the shield against compulsory self-incrimination which it was intended to be into a sword whereby [he] would be freed from adducing proof in support of a burden which would otherwise have been his.'"). Having brought this lawsuit, Plaintiff must go forward with her burden of proof and cannot avail herself of the limited exception for *civil defendants* who are also criminal defendants.

Second, assuming *arguendo* that the "special circumstances" exception could apply to a civil plaintiff, a stay is only warranted when the invocation of the Fifth Amendment "must result in an adverse judgment, not merely the loss of 'his most effective *defense*.'" *Premises Located at Route 13*, 946 F.2d at 756 (emphasis added). In other words, "the rule applies when the invocation of the privilege would result in 'automatic entry of summary judgment.'" *Id.* But Plaintiff never argued that this would be the case and the Court did not make such a finding, which the record in any event could not support.

Although neither of the parties used the term in the briefing, the Order refers five times to Plaintiff's criminal prosecution as a "parallel criminal" case or proceeding. It is not. On January 31, 2021, an Amended Information was filed against Plaintiff charging her with two counts of grand theft in the second degree, two counts of an organized scheme to defraud in the second degree, and three counts of grand theft in the third degree. The Amended Information is attached as **Exhibit C**. As shown in the Amended Information and Arrest Affidavit, the criminal charges stem from Plaintiff abusing her position as President of the Hammock's HOA to use association funds for personal use. *See id.*; ECF No. 40-1 at 2-9 (Arrest Affidavit). But the sole constitutional violation upon which Plaintiff is suing is her alleged unlawful detention during the March 6, 2018, HOA meeting.  And none of the criminal charges are based upon the events of the March 6, 2018, incident that is the subject of the Second Amended Complaint.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE (305) 375-5151

The Court appears to have assumed otherwise because Defendants argued that their depositions in the criminal case would likely cover the same course of conduct alleged in the Second Amended Complaint. And Defendants were correct in that prediction.[2] But the fact that Ms. Gallego improperly used criminal process to take discovery to advance her civil lawsuits should count as a point against her, not a point in her favor. It is incumbent upon Plaintiff to show how answering questions about the alleged unlawful detention in her Second Amended Complaint would subject her to criminal liability for grand theft and organized scheme to defraud.

In past cases, the Court has rigorously applied these standards and has declined to stay civil proceedings unless the defendant showed both that the assertion of the privilege against self-incrimination was necessary because the criminal charges were based on the same conduct as the civil suit and that the assertion of the privilege would result in "all but certain loss" because no other witnesses could testify about the relevant incident. For example, in *Gonzalez v. Israel*, 2015 WL 4164772 (S.D. Fla. July 9, 2015) (Bloom, J.), the Court found that the narrow circumstances in which a stay was warranted were met because "certain loss" would result in the civil case if the defendants invoked their right against self-incrimination. That was because ***the defendants*** were criminally charged for the very same actions giving rise to civil liability and the defendants were the only eyewitnesses to their interaction with the plaintiff capable of providing exculpatory evidence to support their defense to the lawsuit. *Id.* at *3. Consequently, they faced "all but certain loss" if they invoked the Fifth Amendment. *Id.* By contrast, in *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1383 (S.D. Fla. 2015) (Bloom, J.), the Court rejected the defendants' "certain loss" argument because the defendants did not establish that they were the only witnesses to the incident

---

[2] The depositions took place as scheduled on February 9 and 10, 2022, and will be filed after they are available to counsel.

who could support their defenses. The Court noted that other deputies and the plaintiff's friends were also potential witnesses to the use of force incident. *See id.*

Here, of course, Plaintiff is not being criminally charged with the very same acts giving rise to civil liability; she is suing four police officers for temporarily detaining her during an HOA election on March 6, 2018. The elements of proof in this civil case do not overlap any elements of proof on the crimes for which she is charged. Defendants will not assert that the allege detention was justified by probable cause for the crimes for which Plaintiff was ultimately arrested. Therefore, notwithstanding Plaintiff's decision to unnecessarily inject the circumstances of her arrest into this case, *see Am. Compl.* (ECF No. 46) ¶¶ 118-181, Plaintiff does not actually need to disprove any element of the criminal charges to prove her case here. Consequently, "special circumstances" do not justify a stay. *Gonzalez*, 2015 WL 4164772 at *2-3.

Moreover, the Second Amended Complaint alleges that Plaintiff was subject to an unlawful detention at a crowded HOA election, where she was detained for four-and-a-half hours. ECF No. 46 ¶¶ 32, 105. The Second Amended Complaint further alleges that numerous non-parties were present at the election including board members and staff, the property manager, an attorney for the HOA, and that more than 2,000 votes were cast. *Id.* ¶¶ 38, 53, 68, 72. So even if the "special circumstances" doctrine applied to civil plaintiffs, Plaintiff could not show that her assertion of the Fifth Amendment would result in automatic summary judgment against her given the numerous other witnesses to the incident.

In sum, a civil plaintiff's Fifth Amendment right is only violated when evidence of the plaintiff's silence is used against her in a criminal proceeding. *See Baxter v. Palmigiano*, 425 U.S. 308, 317 (1976). Granted, a civil plaintiff has the *right* to invoke that privilege in civil litigation. But she does not have the right to be relieved of making that difficult choice in a lawsuit in which

7

she is seeking affirmative relief. Moreover, even if the "special circumstances" exception applied to civil plaintiffs, Plaintiff cannot show an overlap between the elements of her claim for an unlawful *Terry* stop during the March 6, 2018, HOA election and the charges in the Amended Information that would necessitate the invocation of her Fifth Amendment rights here. And, even if she could, there were other witnesses present during the alleged four-and-a-half-hour detention such that Plaintiff's silence would not necessarily result in an automatic loss on summary judgment. Plaintiff does not face "all but certain loss" if she invoked the Fifth Amendment here.

If the Court desires to maintain the stay pending the issuance of the Mandate in Appeal No. 21-13212-HH for purposes of judicial efficiency and administration, that decision is within the Court's discretion. But Plaintiff cannot stay her own lawsuit, denying the four defendants that she has sued their day in court, their ability to take discovery, and their right to assert qualified immunity at summary judgment or at trial, indefinitely. Shouldering four public officials with an indefinite stay during the pendency of all criminal proceedings against Plaintiff would impinge their right to assert qualified immunity and bring about the very evil that the qualified immunity doctrine was designed to avoid by subjecting them to the stigma of harassing litigation hanging over their heads for years on end without the ability to clear their names. *E.g.*, *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) ("The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation" and "it is 'important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible.'"). Therefore, at the very least, the Court should rescind the portion of its order conditioning the termination of the stay on the conclusion of all criminal proceedings against Plaintiff.

8

## CONCLUSION

The stay should be lifted to allow discovery to proceed. In the alternative, the portion of the Order maintaining the stay through the termination of all criminal proceedings against Plaintiff should be rescinded and the stay should be permitted to expire automatically upon the issuance of the Mandate in Appeal No. 21-13212-HH.

## CERTIFICATE OF PRE-FILING CONFERENCE

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated:  February 28, 2022.

Respectfully submitted,

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By:     /s/ Ezra S. Greenberg
        Ezra S. Greenberg
        Assistant County Attorney
        Fla. Bar. No. 85018
        Telephone: (305) 375-5151
        Email: ezrag@miamidade.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this day on Plaintiff's counsel via CM/ECF.

/s/ Ezra S. Greenberg
Assistant County Attorney

9