# IN THE DISTRICT COURT OF APPEAL
# THIRD DISTRICT OF FLORIDA

Case No.: _____

Lower Case No.: 20-23064 CA 01 (25)
Circuit Court Judge Valerie Manno-Shurr

IVETTE PEREZ and CARLOS LUFFI

Petitioners/Defendants

v.

MARGLLI GALLEGO and HAMMOCKS COMMUNITY ASSOCIATION, INC.,

Respondents/Plaintiffs.

*Petition for Writ of Certiorari from a Non-Final Order of the 11th Judicial Circuit in and for Miami-Dade County, Florida*

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney
*Attorney for Defendants Ivette Perez and Carlos Luffi*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: */s/ Rachel C. G. Walters*
    Rachel CG Walters
    Assistant County Attorney
    Florida Bar Number 817481
    Telephone:  (305) 375-5151
    Fax:       (305) 375-5634
    Email:    walters@miamidade.gov
             ssottey@miamidade.gov

*MARGLLI GALLEGO and HAMMOCKS COMMUNITY ASSOCIATION, INC. v. IVETTE PEREZ*
*and CARLOS LUFFI*
*Case No. 20-23064 CA 01 (25)*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................... i

TABLE OF AUTHORITIES ............................................................. ii

INTRODUCTION ........................................................................ 1

BASIS FOR JURISDICTION............................................................ 4

STATEMENT OF THE CASE AND FACTS ....................................... 5

NATURE OF THE RELIEF SOUGHT............................................... 8

ARGUMENT ............................................................................. 8

    I.    THE TRIAL COURT'S RULING CAUSES IRREPARABLE

        HARM ........................................................................ 9

    II.   THE ORDER STAYING THE PROCEEDINGS DEPARTS

        FROM ESSENTIAL REQUIREMENTS OF THE LAW..........11

    III.  THE PLAINTIFF IS NOT ENTITLED TO AVOID PLEADING

        THE 5TH AMENDMENT IN A CIVIL SUIT BY MERELY

        STAYING THE SUIT PENDING THE OUTCOME OF THE

        CRIMINAL PROCEEDINGS. .......................................... 11

CONCLUSION ......................................................................... 17

CERTIFICATE OF SERVICE ....................................................... 18

CERTIFICATE OF COMPLIANCE ................................................ 18

i

# Table of Authorities

**Cases**                                                      Page(s)

Bared & Co. v. McGuire,
670 So. 2d 153 (Fla. 4th DCA 1996) .............................. 8

Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ.
   Enters., L.L.C.,
   99 So. 3d 450 (Fla. 2012) ........................................... 9

Citizens Prop. Ins. Corp. v. San Perdido Ass'n,
   104 So.3d 344 (Fla. 2012) .......................................... 4

City of St. Petersburg v. Houghton,
   362 So. 2d 681 (Fla. 2d DCA 1978) .................................. 11, 14

Reaves v. South Carolina Democratic Party,
   CIV.A. 4:04-2047, 2007 WL 895440 (D.S.C. Mar. 21, 2007) ....... 11

Florida Highway Patrol, a division of Florida Dep't of Highway Safety
   & Motor Vehicles v. Jackson,
   238 So. 3d 430 (Fla. 1st DCA 2018) .......................... 10

Hunter v. Bryant,
   502 U.S. 224 (1991) ................................................ 10

Keck v. Eminisor,
   104 So. 3d 359 (Fla. 2012) ........................................ 10

Lely Estates, Inc. v. Polly,
   308 So. 2d 165 (Fla. 2d DCA 1975) .................................. 14,15

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

Minor v. Minor,
　　232 So. 2d 746 (Fla. 2d DCA 1970)...................................... 14,15

Minor v. Minor,
　　240 So. 2d 301 (Fla. 1970) ................................................. 14, 15

Paley v. Cocoa Masonry, Inc.,
　　354 So.2d 945 (Fla. 2d DCA 1978).............................................4

Parkway Bank v. Fort Myers Armature Works, Inc.,
　　658 So. 2d 646 (Fla. 2d DCA 1995).............................................8

Rappaport v. Levy,
　　696 So. 2d 526, (Fla. 3DCA 1997)................................. 12, 13, 17

Rollins Burdick Hunter of New York, Inc.v. Euroclassics, Inc.,
　　502 So.2d 959 (Fla. 3d DCA 1997)....................................... 12, 13

Sorena v. Gerald J. Tobin, P.A.,
　　47 So. 3d 875 (Fla. 3d DCA 2010).............................................. 10

State v. Antonucci,
　　590 So.2d 998 (Fla. 5th DCA 1991) .............................................4

Stein v. Bayfront Med. Ctr., Inc.,
　　287 So.2d 401 (Fla. 2d DCA 1973).............................................4

Stockham v. Stockham,
　　168 So. 2d 320 (Fla. 1964) ...................................................... 15

Super Products, LLC v. Intracoastal Envtl., LLC,
　　252 So. 3d 329 (Fla. 2d DCA 2018).............................................4

iii

Village Inn Restaurant v. Aridi,
   543 So.2d 778 (Fla. 3d DCA 1989) ..................................... 12, 13

Statutes

Article V, Section 4(b), Florida Constitution ................................. 5

Fla. Stat. § 768.28(9)(a) ................................................................ 10

Rules

Fla. R. App. P. 9.045 ..................................................................... 18

Fla. R. App. P. 9.100(c)(1) ........................................................... 5

Fla. R. App. P. 9.100(g) ............................................................... 18

Florida Rules of Appellate Procedure 9.030(b)(2) .......................... 5

Other Authorities

24 Fla. Jur 2d Evidence and Witnesses § 589 ............................... 14

## INTRODUCTION

Defendants seek a writ of certiorari to quash the trial court's January 10, 2022, Order granting Plaintiffs' *Motion to Stay Civil Proceedings Pending A Resolution of the Criminal Prosecution.* The order below—which stays all civil proceedings so that the ***civil plaintiff*** who initiated this action can avoid asserting her Fifth Amendment right against self-incriminating until the conclusion of all criminal proceedings against her—appears to the first of its kind in this State. In the only reported case in a similar posture, this very Court granted certiorari and quashed the order below, which granted relief that was even more limited that the indefinite stay granted here.

This case was filed against two police officers in their individual capacity, claiming defamation and intentional interference with business contracts. Plaintiff Marglli Gallego, prior to her April 2021 arrest, was the President of the Hammocks Community Association, the largest Homeowners Association in the State of Florida. The Hammocks Community Association is also a co-plaintiff here. The basis of the defamation is unclear, but appears to stem from statements allegedly made by the defendant police officers to

1

witnesses during their official investigation into the Plaintiff's theft of funds from the co-Plaintiff Homeowners Association.  Plaintiff filed this civil action when she determined that the multi-year investigation into her malfeasance was coming to an end and perceived that her arrest was imminent.  Upon the Petitioners serving discovery in the case, Respondents failed to respond for more than five months.  In fact, Petitioners filed an Ex Parte Motion to Compel Discovery Responses, and the trial court entered an Order granting the motion.  Still, Petitioners refused to respond to discovery. On the day that the discovery was ordered to be produced, the Respondent, instead of complying with the trial court's order, filed a Motion to Stay Civil Proceedings Pending A Resolution of the Criminal Prosecution, which sought a complete and indefinite stay of all civil proceedings until the conclusion of all criminal proceedings against Plaintiff Gallego.

The trial court subsequently granted the motion, thereby disallowing the Petitioners to discover the factual basis of the allegations against them and to clear their names through the adjudication of this case on its merits.  The Petitioners, who never

2

asked to be the subjects of this lawsuits now hang in a legal limbo, waiting for the criminal prosecution over which they have no control to resolve before getting their own day in court.  The law clear that plaintiffs are not afforded this kind of ability to thwart addressing the merits of their own lawsuit and there was therefore no legal basis for the court's action in granting the motion to stay.

The trial court's decision departs from the essential requirements of the law in every respect. First, the ruling defies Florida law which does not grant plaintiffs in a civil action the ability to avoid discovery by moving for a stay in the civil proceedings they initiate. Second, by granting Plaintiffs' motion, the trial court effectively denied the defendants the ability to adjudicate the claims on the merits, including their entitlement to immunity as public officials, indefinitely. Finally, irreparable harm will be caused by disallowing the police officers in this case to reach the merits of the case, to prepare their defense, and to further adjudicate the claims for an indefinite period of time.  Without a time machine, there is no way to turn the clock back and reset it after final judgment if the trial court's order is not reviewed now.  Immediate interlocutory review is

3

necessary to rectify the errors committed below. Therefore, Defendants seek a writ of certiorari quashing the trial court's Order on Plaintiffs' *Motion to Stay Civil Proceedings.*

For purposes of this petition, the Petitioners, Ivette Perez and Carl Luffi, are referred to as "Defendants." Respondents, Marglli Gallego and Hammocks Community Association, Inc. are referred to as "Plaintiffs." The Appendix to this writ shall be cited as App. ____.

## BASIS FOR JURISDICTION

Orders staying proceedings are reviewable by certiorari. See Paley v. Cocoa Masonry, Inc., 354 So.2d 945, 946 (Fla. 2d DCA 1978); Stein v. Bayfront Med. Ctr., Inc., 287 So.2d 401, 401 (Fla. 2d DCA 1973); State v. Antonucci, 590 So.2d 998, 999-1000 (Fla. 5th DCA 1991).  Super Products, LLC v. Intracoastal Envtl., LLC, 252 So. 3d 329, 331 (Fla. 2d DCA 2018).  "Certiorari is available to review a nonfinal order that causes a material injury that cannot be corrected on appeal. This is otherwise described as irreparable harm". Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So.3d 344, 351 (Fla. 2012).

The lower court's stay order departs from the essential

requirements of the law, which will cause irreparable injury to Defendants throughout the remainder of the proceedings, and leaves Defendants with no adequate remedy upon plenary appeal because time cannot be turned back. Accordingly, the certiorari jurisdiction of this Court is properly invoked under Florida Rules of Appellate Procedure 9.030(b)(2) and Article V, Section 4(b), Florida Constitution, and Defendants seek issuance of a writ of certiorari to quash the Order.

The Order for review was rendered on Monday, January 10, 2022, and so this Petition is timely filed. <u>See</u> Fla. R. App. P. 9.100(c)(1).

## STATEMENT OF THE CASE AND FACTS

### I.     Statement of the Case

The underlying tort action arises from comments allegedly made by the defendant police officers during the course of their multi-year criminal investigation into the Plaintiff's theft of funds from Hammocks Community Association during her time as its President. Compl. ¶ 23 (App.008). Although the Complaint contains countless allegations, very few have much if anything to do with the alleged

"defamatory" statements that the two officers made.  In all, Plaintiff Gallego brings one count of defamation against each officer, and Plaintiff Hammocks alleges one count of defamation against each officer along with one count of tortious interference with a business relationship against each officer.  Compl. (App. 013-022)

To substantiate their claim for "Defamation", the Plaintiffs make conclusory allegations that the officers' statements were made "falsely" and "while acting outside the scope of their duties as law enforcement officers".  Compl. ¶ 22.  (App.008). Plaintiff Hammocks similarly alleges that each officer made defamatory statements about the Association, causing harm to both their business relationships and the relationships with their constituent residents.  Compl. ¶ 102 (App.019). Nowhere in the Complaint do the Plaintiffs provide the exact statements, time, date, or manner of publication.

Further, Plaintiff Hammocks alleges that the officers tortiously interfered with the business relationships between the Hammocks Association and their vendor-contractors by requiring the association to "hire substitute contractors as a direct result of Ivette Perez maliciously threatening to arrest the contractors if they did not

6

cooperate with her malicious investigation conducted in bad faith." Compl. ¶112 (App. 021). The allegations as to each officer are identical.

Petitioners pleaded that sovereign immunity applies to any statements related to the misappropriation of funds from the Hammocks. Answer ¶ 3 (App.024). Furthermore, Petitioners raised immunity and privilege as the statements were part of an official proceeding as an affirmative defense to the allegations against them. Answer ¶ 6 (App. 024). Petitioners also raised the affirmative defense that the statements were "substantially true, and therefore not actionable." Answer ¶ 9 (App.025).

On March 23, 2021, Petitioners propounded written discovery on Respondents. Respondents never produced discovery responses, prompting Petitioners to file Motions to Compel responses. See Motions to Compel (App.027-034). On September 3, 2021, the trial court entered Orders on the Petitioners' Motions to Compel, ordering production of the written discovery by September 13, 2021. See Orders to Compel, (App.035-042). Instead of complying with the Court's order, Respondents filed their Motion to Stay on that date.

See Motion to Stay (App.043-054).  In response, Petitioners filed a Response opposing the Motion to Stay and set the Motion for hearing. See Response to Motion to Stay (App.154-158).  On December 8, 2021, the Motion for Hearing was heard by the trial court, and an order granting the motion was entered on January 10, 2021.  See Order Granting Motion (App.165-166).

## NATURE OF THE RELIEF SOUGHT

Defendants request that the Court grant this petition and issue a writ quashing the trial court's January 10, 2022 order to stay the proceedings.

## ARGUMENT

To establish certiorari jurisdiction, "[a] petitioner must establish a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on post-judgment appeal." Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995); see also Bared & Co. v. McGuire, 670 So. 2d 153, 156-157 (Fla. 4th DCA 1996) (describing certiorari jurisdiction and detailing the appellate

process as it pertains to petitions). The "irreparable harm" prong of the certiorari standard—i.e., material injury that cannot be remedied on appeal—is jurisdictional and must be considered first. See Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., L.L.C., 99 So. 3d 450, 454-55 (Fla. 2012). Once a petitioner demonstrates that this Court has jurisdiction, the petition for writ may proceed to test "whether the non-final order passes the standard of review on its merits, i.e., whether the order is a departure from the essential requirements of law." Parkway Bank, 658 So. 2d at 649 (internal quotations omitted).

Therefore, this Court should grant Defendants' Petition for Writ of Certiorari, and quash the trial court's Stay Order.

## I.   The Trial Court's Ruling Causes Irreparable Harm.

By ordering an indefinite a stay in the proceedings, the trial court indefinitely denies the officer-defendants their right to assert official immunity, which is not only an affirmative defense, but also immunity from suit.  Without an end date, these officers must wait an undetermined amount of time to take discovery and then to assert and pursue their rightful immunities in pre or post-trial

motions.

Trial court orders on motions to stay proceedings cannot be corrected on appeal from final judgment because the effects of the order—either requiring or delaying litigation—will have already been felt by that time.  See Sorena v. Gerald J. Tobin, P.A., 47 So. 3d 875, 877-79 (Fla. 3d DCA 2010) (non-final order on motion to stay resulted in material injury that could not be corrected on appeal and therefore met requirements of certiorari).  Defendants as public officials have the right to assert immunity from suit under Fla. Stat. § 768.28(9)(a), which they have done in their answers here. See Keck v. Eminisor, 104 So. 3d 359, 364 (Fla. 2012).  Such immunity should be resolved "at the earliest possible stage in litigation." Florida Highway Patrol, a division of Florida Dep't of Highway Safety & Motor Vehicles v. Jackson, 238 So. 3d 430, 433 (Fla. 1st DCA 2018), quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991).

The stay order entered in the trial court indefinitely deprives the Defendants of the ability to assert their immunity from suit because they cannot take discovery or file pretrial motions. This material injury cannot be remedied on appeal from final judgment because

the Defendants will have already had to endure the improper delay that the trial court's order unreasonable imposes.

## II.     The Order Staying the Proceedings Departs from Essential Requirements of the Law.

In addition to causing irreparable harm that cannot be remedied on plenary appeal, the trial court's entry of the Stay Order also departs from the essential requirements of the law because it allows for a stay of the proceedings in a situation in which the Plaintiff is not entitled to it as a matter of law.

### A. The Plaintiff is not entitled to avoid pleading the Fifth Amendment in a civil suit by merely staying the suit pending the outcome of the criminal proceedings.

It is well-settled that "a plaintiff may not seek affirmative relief in a civil action and then invoke the Fifth Amendment to avoid giving discovery in matters pertinent to the litigation." <u>City of St. Petersburg v. Houghton</u>, 362 So. 2d 681, 685 (Fla. 2d DCA 1978). <u>See also Reaves v. S.C. Democratic Party</u>, CIV.A. 4:04-2047, 2007 WL 895440, at *9 (D.S.C. Mar. 21, 2007) ("numerous courts have consistently held that it is proper to dismiss the claim of a plaintiff who exercises

11

his privilege against self-incrimination to refuse to answer questions related to the issues involved in the litigation which he has instituted").

There is binding caselaw that requires lifting the stay. In Rappaport v. Levy, this Honorable Court granted a writ of certiorari in a comparable procedural posture and under indistinguishable factual circumstances. 696 So. 2d 526, (Fla. 3d DCA 1997). In that case, the trial court granted the Plaintiff's request to postpone the trial for an indefinite period of time, pending the disposition of the Plaintiff's criminal case. Id. Just as here, the plaintiff claimed that the stay was necessary to avoid the necessity of pleading the Fifth Amendment. This District found that the trial court's ruling was premature, and that the Plaintiff could not avoid discovery entirely by claiming that he may need to invoke his fifth amendment rights. The Court saliently stated: "where the party claiming a Fifth Amendment privilege is also seeking affirmative relief, that party does not enjoy a carte blanche to invoke the privilege and block its opponent's affirmative defenses". Id. at 527, citing Rollins Burdick Hunter of New York, Inc., 502 So.2d at 962; Village Inn Restaurant

v. Aridi, 543 So.2d 778 at 781.  Notably, in Rappaport, the trial court allowed discovery to proceed but ordered that it would grant a continuance if the case came before it for trial. 696 So. 2d. at 527. Nevertheless, this Court found the trial court departed from the essential requirements of the law and caused irreparable harm because it had "indefinitely continued the trial based solely on the possibility that the respondent will choose to invoke his Fifth Amendment privilege." Id. The trial court's order here, which stays *all* proceedings, goes even further than what this Court already found was merited certiorari in Rappaport.

It makes sense that the Plaintiff would want to avoid asserting the Fifth Amendment, since that assertion has consequentially resulted in the dismissal of the plaintiff's case or striking of their pleadings in the leading caselaw.  In Rollins Burdick Hunter of New York, Inc. (RBH) v. Euroclassics Ltd., Inc., this District stated, "A civil litigant's fifth amendment right to avoid self-incrimination may be used as a shield but not a sword. This means that a plaintiff seeking affirmative relief in a civil action may not invoke the fifth amendment and refuse to comply with the defendant's discovery requests,

thereby thwarting the defendant's defenses." 502 So. 2d 959, 962 (Fla. 3d DCA 1987). In that case, the plaintiff sued RBH, its insurance broker tasked with insuring its plane, after the plane mysteriously disappeared in the Caribbean, alleging RBH failed to obtain a proper policy. Id. at 961. As an affirmative defense, RBH asserted that plaintiff was not entitled to coverage because (1) the plane was being used for illegal activities when it disappeared and (2) the plaintiff had misrepresented its intended usage of the plane when it applied for insurance. Id. In discovery, the plaintiff invoked his Fifth Amendment privilege against self-incrimination, refusing to answer RBH's questions. Id. The court found that the plaintiff's invocation and the trial court's order denying RBH's motion to compel prevented RBH from proving a valid defense. Id.  The proper sanction where the plaintiff seeks to use its Fifth Amendment privilege as sword and shield "is to dismiss the action or strike the pertinent portions of the pleadings." Id. at 162 (citing Minor v. Minor, 240 So. 2d 301, 302 (Fla. 1970).

Florida courts have repeatedly applied this rule. 24 Fla. Jur 2d Evidence and Witnesses § 589. In City of St. Petersburg v. Houghton,

the Second District stated, "[I]t appears that not only the Florida law, but the majority view in this land is that a plaintiff may not seek affirmative relief in a civil action and then invoke the Fifth Amendment to avoid giving discovery in matters pertinent to the litigation."   362 So. 2d at 685 (ordering plaintiff to answer the pertinent and material questions as to the remaining counts of his suit on discovery or face dismissal of those counts to which those questions pertain); see also Lely Estates, Inc. v. Polly, 308 So. 2d 165, 167 (Fla. 2d DCA 1975) ("One who institutes a law suit waives any right he might have to avoid answering relevant questions even though the answers may be incriminating."). In another example, in Minor v. Minor, a wife invoked her Fifth Amendment privilege against self-incrimination in response to questions relating to alleged adultery during pre-trial discovery in divorce proceedings. The Second District affirmed the trial court's order compelling the wife to answer the questions or suffer the dismissal of her complaint. Minor v. Minor, 232 So. 2d 746, 746 (Fla. 2d DCA 1970), approved, 240 So. 2d 301 (Fla. 1970); see also Stockham v. Stockham, 168 So. 2d 320 (Fla. 1964).

Given that the relevant precedents in this jurisdiction all hold that a civil plaintiff must suffer the consequences of invoking the Fifth Amendment in a civil lawsuit—including the dismissal of the action—the trial court's order essentially relieving Plaintiffs of those consequences at the costs of an indefinitely delay to Defendants is a departure from the essential requirements of the law. Defendants have the right to take discovery and assert their immunities now— before evidence becomes stale—rather than have this case hang over their heads for an unknown and indefinite period of time.

Neither Plaintiffs nor the trial court cited any caselaw whatsoever authorizing a stay of civil proceedings so that a ***civil plaintiff*** can avoid invoking the Fifth Amendment. All the caselaw authorizing stays in civil proceedings have arisen where a defendant, who has been involuntarily brought into court, has requested a stay pending the outcome of criminal proceedings. Plaintiff's counsel conceded that the relief he was seeking was unprecedent, admitting that such a "resolution is traditionally reserved for civil defendants". Motion for Stay p.11 (App.053)

The Defendants did not choose to bring this case—the Plaintiffs

16

did.  And they are now aspiring to do exactly what the courts in this State have historically precluded civil litigants from doing—using the Fifth Amendment as both a sword and a shield, in litigation that they initiated and in which they are seeking affirmative relief.  The trial court therefore departed from the essential requirements of the law by applying a doctrine heretofore reserved for civil defendants to a civil plaintiff.

In short, <u>Rappaport</u> controls the disposition here and requires that certiorari be granted.

## CONCLUSION

Based on the reasons set forth above, the trial court's order staying all trial court proceedings indefinitely pending the outcome of the Plaintiff's criminal case causes irreparable harm and departs from the essential requirements of law. <u>Rappaport</u>, 696 So. 2d. at 527. Therefore, this Court should issue a writ of certiorari and quash the Stay Order.

17

Respectfully submitted,

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney
Rachel C. G. Walters
Florida Bar number 817481
Assistant County Attorneys
Stephen P. Clark Center, Suite 2810
111 NW 1st St. Ste. 2810
Miami, Florida, 33128
Phone: 305-375-5151
*Counsel for Defendant, Miami-Dade County*

## CERTIFICATE OF SERVICE

I certify that on February 8, 2022, a true and correct copy of the foregoing was furnished via e-mail to Mr. Hilton Napoleon II, Esq., 2555 Ponce De Leon, Suite 600, Coral Gables, FL 33134.

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this petition, submitted in Bookman Old Style 14-point font, complies with the applicable font and word count limit requirements set forth in Fla. R. App. P. 9.045. This petition totals 3157 words and, thus, does not exceed 13,000 words, in accordance with Fla. R. App. P. 9.100(g).

/s/ Rachel C. G. Walters
Rachel C. G. Walters, Esq.
Assistant County Attorney

18