UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARGLLI GALLEGO,  :
            :
   Plaintiff,  :
            :
v.  :  **CASE NO.: 20-24374-CIV-BLOOM**
            :
IVETTE PEREZ, *et. al.*,  :
            :
   Defendant(s).  :
_____:

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO MODIFY STAY ORDER**

Plaintiff, Marglli Gallego ("Ms. Gallego"), respectfully requests that this Honorable Court deny *Defendant's Motion to Modify the Stay Order* ("the Order") that was filed on February 14, 2022. See [D.E. 77]. As properly stated by the Court in its Order, a stay is warranted in order to protect Ms. Gallego's Fifth Amendment privilege against self-incrimination. This is well-supported by Eleventh Circuit case law.

**BACKGROUND**

On August 23, 2021, this Court denied Perez and Luffi's motion to dismiss the complaint based upon the doctrine of qualified immunity. [D.E. 61]. Perez and Luffi appealed the Court's decision to the Eleventh Circuit Court of Appeals. [D.E. 65].

On September 23, 2021, Defendants filed a *Renewed Motion to Stay Case and to Vacate or Suspend Scheduling Order.* [D.E. 67]. That motion requested that the Court suspend all deadlines and obligations set forth in the Scheduling Order, [D.E. 62], pending the issuance of

the mandate in Appeal No. 21-12212-HH ("the Appeal"). Ms. Khoury did not oppose the motion.

On October 8, 2021, the Court entered an order staying this case pending the conclusion of the Defendants' interlocutory appeal proclaiming their right to qualified immunity. [D.E. 69]. As stated by the Court, the stay was appropriate on the basis that it would not only conserve judicial resources, but also ensure that Defendants are free from the burdens of litigation until their immunity defense is resolved. *Id.*

On January 5, 2022, Ms. Gallego provided notice to Defendants for deposition in her criminal case. In response, Defendants moved to "partially" lift the stay to permit discovery only, but to also enforce the stay with respect to all other pretrial deadlines and trial. [D.E. 73]. Ms. Gallego responded that the original stay should remain intact based on the rational set forth by this Court in its initial order. [D.E. 74]. Specifically, she argued that lifting the stay would not conserve judicial resources, and that she would move for her own stay to protect her Fifth Amendment right against self-incrimination.

Despite the Defendants' argument that Ms. Gallego's Fifth Amendment right is only violated when her silence is used against her in a criminal proceeding, this Court found that a continued stay was warranted and appropriate pending the resolution of criminal charges against Ms. Gallego to protect her Fifth Amendment privilege against self-incrimination. [D.E. 75, 77].

## MEMORANDUM OF LAW

Defendants begin their argument by stating that this Court has discretion to modify an interlocutory order at any time pursuant to Rule 54(b). Fed. R. Civ. P. 54(b). While this may be true, the Defendants have not shown why the Court should invoke its limited discretion on this rule.

As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997). This evaluation requires the district court to balance two factors: (1) judicial administrative interests and (2) relevant equitable concerns. *Id.* Consideration of the first factor is necessary to ensure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. *Id*. The second factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay.

*Ebrahimi* is instructive that "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Recognizing the rare occurrence of these circumstances, the Eleventh Circuit advises district courts to exercise the limited discretion afforded by Rule 54(b) conservatively. *Neibert v. Comput. Scis. Corp.*, No. 1:12-cv-02277-SCJ, 2014 WL 11460478, at *5 (N.D. Ga. May 16, 2014)(quoting *Ebrahimi*, 114 F.3d 162, 166 (11th Cir. 1997)).

Rule 54(b) certification is inappropriate here because Defendants have failed to provide any information that would meet the limited and rare circumstances requirement of Rule 54(b). There is no compelling judicial administrative interest to modify the stay in this order, as it does not conflict with the federal policy against piecemeal appeals. Furthermore, there is no relevant concern of equity, as leaving the stay in place does not create any danger of hardship or injustice to the Defendants. Instead, the Defendants seek to depose Ms. Gallego in contravention of her Fifth Amendment right against self-incrimination for their own benefit. Accordingly, by leaving

3

the motion to stay in place, the Court would alleviate the dangers of hardship to Ms. Gallego associated with incriminating herself in a future criminal proceeding.  See *U.S. v. Swissco Properties Within Southern Dist. of Florida*, 821 F.Supp. 1472 (S.D. Fla. 1993)("[C]ourts have only allowed stays of civil  discovery where the defendant in a criminal action is personally seeking to take advantage of the more liberal civil discovery procedures to aid himself in the criminal trial.").

## ARGUMENT

"The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'"  *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)).  In other words, the court may not deny a stay where the privilege's invocation compels an adverse judgment against the claimant.  *United States v. Premises Located at Route 13,* 946 F.2d 749, 756 (11th Cir.1991).  Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution when 'special circumstances' so require in the 'interest of justice.'[1] *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir.

---

[1] "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Courts throughout this nation have routinely stayed civil cases during the pendency of a criminal case.  *See e.g.*, *Nowaczyk v. Matingas*, 146 F.R.D. 169, 174 (N.D. Ill. 1993) ("A stay of civil discovery is sometimes appropriate to protect competing interests arising from parallel civil and criminal proceedings involving the same subject matter."); *Bruner Corp. v. Balogh*, 819 F. Supp. 811, 816 (E.D. Wis. 1993) (granting stay because "it is not likely that either [co-defendant] could proceed to trial without meaningful discovery" from the defendant who asserted the privilege); *Dominguez v. Hartford Fin. Servs. Group, Inc*., 530 F. Supp. 2d 902, 907 (S.D. Tex. 2008); *Lay v. Hixon*, Case No. 09-0075-WS-M, 2009 WL 1357384 (S.D. Ala. May 12, 2009); *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007).

1994) (citing *United States v. Kordel*, 397 U.S. 1, 12-13 & n. 27 (1970)). The Defendants' Motion to Modify Stay Order should be denied because it seeks to do exactly what the Fifth Amendment privilege is in place to prohibit.

"[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *See Gonzalez v. Israel*, 2015 WL 4164772, at *3 (S.D. Fla. July 9, 2015). As noted by this Court in its Order, the Defendants have already conceded that the depositions in the parallel criminal proceeding against Ms. Gallego "will cover the same course of conduct that is alleged in the Second Amended Complaint and there is little reason to believe they will not be admissible as evidence in this proceeding[.]" [D.E. 72]. Accordingly, the Defendants current Motion should be denied because it would place Ms. Gallego in a proceeding where the answer of official questions might incriminate her in violation of her Fifth Amendment right against self-incrimination.[2]

Defendants heavily rely on *Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944, 947 (11th Cir. 1990) to argue that Ms. Gallego has no Fifth Amendment rights unless she is a criminal defendant in both the civil and criminal cases at issue here. However, [a] defendant who reasonably fears a criminal prosecution maintains a weighty Fifth Amendment interest against compelled self-incrimination, including self-incrimination that results from a statement compelled in a civil action. *See Erwin v. Price*, 778 F. 2d 668, 669 (11th Cir. 1985). The United

---

[2] Stays are appropriate in civil proceedings because "the Fifth Amendment privilege ... can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." *Kastigar v. United States*, 406 U.S. 441, 444 (1972). Indeed, "[i]t is settled law that the privilege against self-incrimination may be properly asserted during discovery proceedings if the civil litigant has reasonable grounds to believe that direct answers to deposition or interrogatory questions would furnish a link in the chain of evidence needed to prove a crime against him." *Rainerman v. Eagle Nat'l Bank of Miami*, 541 So. 2d 740, 741 (Fla. 3d DCA 1989)(citing *Pillsbury Co. v. Conboy*, 459 U.S. 248, 266, (1983); *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

States Supreme Court has also ruled that the Fifth Amendment protects against any degree of incrimination, regardless of how minor. *Rhode Island v. Innis*, 446 U.S. 291, 301 n.5 (1980)("The privilege against self-incrimination protects the individual from being compelled to incriminate himself in any manner; it does not distinguish degrees of incrimination.") Here, the particular contours of this case allow for a situation where, should the Defendants' motion be granted, Ms. Gallego will be "forced to choose between preserving [her] Fifth Amendment privilege against self-incrimination and losing a civil lawsuit." *Id.* It is inconsequential that Ms. Gallego is the plaintiff in the civil case, where there is a risk that statements compelled in a civil action could potentially bring her to the point of self-incrimination. Furthermore, the overlap in the cases alone is enough to demonstrate that the stay is warranted, as this is the most important issue upon consideration of a motion to stay.

## CONCLUSION

Ms. Gallego respectfully requests that the Court leave the stay order in place. Lifting the stay runs the risk of Ms. Gallego self-incriminating herself in violation of the Fifth Amendment. Leaving the stay in place, however, would not have any negative effect on the Defendants.

Respectfully Submitted,

Hilton Napoleon Esq., FBN 17593
RASCO KLOCK  PEREZ NIETO
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7100
Facsimile: 305.476.7102

*Counsel for the Plaintiff, Marglli Gallego*

By: /s/ *Hilton Napoleon, II*
    Hilton Napoleon, II

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8, 2022, the foregoing document is being served this day on all counsel and parties of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Hilton Napoleon, II*
Hilton Napoleon, II
