UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARGLLI GALLEGO    :
      Plaintiff(s),    :
v.    :    CASE NO.: 20-24374-CIV-BLOOM
IVETTE PEREZ, *et. al.*,    :
      Defendant(s).    :

**DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO MOTION TO MODIFY STAY ORDER**

Defendants Luffi, Perez, Garcia and Escobar respectfully file this reply to Plaintiff's response, ECF No. 82, to their Motion to Modify Stay Order, ECF No. 78. Plaintiff's response confirms that there is no legal basis for the perpetuation of the stay based upon the criminal charges pending against her.[1]

First, Plaintiff fails to advance any serious argument that this Circuit's "special circumstances" doctrine authorizing civil stays pending criminal proceedings applies to a plaintiff. Instead, Plaintiff squanders most of her response arguing that the Fifth Amendment can be asserted in a civil proceeding, a proposition that the Motion conceded and which is wholly beside the point. Plaintiff does not respond to the argument that a civil plaintiff cannot use the Fifth Amendment as both a sword and shield and her response fails to cite a single case granting a stay pending the resolution of a criminal prosecution so that a civil plaintiff could avoid invoking the Fifth

---

[1] As an initial matter, Plaintiff appears to confuse the basis of the relief sought. ECF No. 82 at 2-3. Defendants are not seeking a non-final judgment in accordance with the first sentence of Rule 54(b), as no claims have been adjudicated. Rather, as the motion makes clear, Defendants rely upon the second sentence of the rule, specifying that any non-final order "may be revised at any time" before the entry of a final judgment. Fed. R. Civ. P. 54(b); *see* ECF No. 78 at 2-3.

1

Amendment. Plaintiff's actual position appears to be that no party should ever have to suffer adverse consequences form asserting Fifth Amendment rights in a civil suit, a position that neither the Eleventh Circuit nor the Supreme Court has ever adopted. *See, e.g.*, *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991) ("the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them").

"[I]t is not unconstitutional to force a litigant to choose between invoking the fifth amendment in a civil case, thus risking a loss there, or answering the questions in the civil context, thus risking subsequent criminal prosecution." *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318–19 (1976); *United States v. White*, 589 F.2d 1283, 1286–87 (5th Cir. 1979); *Arthurs v. Stern*, 560 F.2d 477, 478–79 (1st Cir. 1977); *United States v. Rubinson*, 543 F.2d 951, 961 (2d Cir.)). Granted, courts often exempt civil **defendants** from having to make this tough choice and our Circuit has developed the "special circumstances" doctrine for civil defendants put in that position. *See Premises Located at Route 13*, 946 F.2d at 756. But Plaintiff fails to cite a single case providing a civil plaintiff with the benefits of this doctrine. And "[t]he fact that [all the cases Plaintiff cites granting stays based on the Fifth Amendment] involved defendants, not plaintiffs, in civil proceedings is critical." *Waldbaum v. Worldvision Enterprises, Inc.*, 84 F.R.D. 95, 97 (S.D.N.Y. 1979). "To allow a plaintiff in a civil action to avoid [discovery] on the basis of a criminal indictment against him would have the effect of allowing the plaintiff to use his fifth amendment right to the detriment of the defendant." *Id.* Plaintiff brought this action and forced Defendants into court. She should not be allowed to use the Fifth Amendment as both a shield against self-incrimination and a sword to encumber four public officials with this lawsuit for years on end as the drama of her criminal exposure based on

2

her management of the Hammock's HOA plays out.[2]

Second, Plaintiff makes no showing that her invocation of the Fifth Amendment here would result in the "all but certain loss" of her case that Circuit precedent requires. She does not respond to our arguments regarding the dissimilarity of the elements in the civil and criminal cases nor the availability of other witnesses to the incident. ECF No. 78 at 6-8; *Compare Amended Information*, ECF No. 80-3 *with Amended Complaint* ECF No. 46 ¶¶ 182-217. She relies solely on the overlap *in discovery* between the criminal and civil cases, an event brought about wholly by her inappropriate insertion of the circumstances of her criminal charges into this civil case and vice versa. She states that if the Motion is granted, "the particular contours of this case allow for a situation" where she will be forced to choose between preserving her Fifth Amendment rights and losing this case. ECF No. 82 at 6. But since she provides no factual explanation for this conclusory argument, no analysis of how the elements of her civil wrongful detention claim and her criminal charges for grand theft and organized scheme to defraud overlap (which they clearly do not), and no argument regarding the availability of other witnesses and evidence, her response is tantamount to having conceded the point. *See Western Sur. Co. v. Steuerwald,* 760 F. App'x. 810, 817-18 (11th Cir. 2019) ("The onus is upon the parties to formulate arguments. . . . a party must do more than merely raise the issue in a perfunctory manner, without supporting arguments and citation to

---

[2] On the final page of her response, Plaintiff misattributes the quote that she will be "forced to choose between preserving [her] fifth amendment privilege against self-incrimination and losing a civil lawsuit" to *Rhode Island v. Innis*, 446 U.S. 291, 298 (1980). The actual quote is from *Pervis v. State Farm Fire & Casualty Co.*, which recounted that "a criminal defendant contended that he was forced to choose between preserving his fifth amendment privilege against self-incrimination and losing a civil lawsuit, *in which he was a defendant*." 901 F.2d 944, 947 (11th Cir. 1990) (emphasis added). Plaintiff not only misattributes this quotation but omits the critical bolded language.

3

authorities.") (cleaned up) (quoting *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998); *Zanakis v. Scanreco Inc.*, Case No. 1:18-CV-21813-UU, 2019 WL 2215816, at *5 (S.D. Fla. Apr. 9, 2019) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)); *Federal Ins. Co. v. County of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y.1996) ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk.").

Put to her burden of demonstrating that "special circumstances" exist under Circuit precedent, Plaintiff still provides nothing more than a "blanket assertion of the privilege" which "is an inadequate basis for the issuance of a stay" in a civil case. *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994).

## **CONCLUSION**

The stay should be lifted to allow discovery to proceed. In the alternative, the portion of the Order maintaining the stay through the termination of all criminal proceedings against Plaintiff should be rescinded and the stay should be permitted to expire automatically upon the issuance of the Mandate in Appeal No. 21-13212-HH.

Dated: March 14, 2022.

                                                Respectfully submitted,

                                                GERALDINE BONZON-KEENAN
                                                Miami-Dade County Attorney
                                                Stephen P. Clark Center
                                                111 N.W. 1st Street, Suite 2810
                                                Miami, Florida 33128

                                  By:    /s/ Ezra S. Greenberg
                                                Ezra S. Greenberg
                                                Assistant County Attorney
                                                Fla. Bar. No. 85018
                                                Telephone: (305) 375-5151
                                                Email: ezrag@miamidade.gov

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served this day on Plaintiff's counsel via CM/ECF.

                                                /s/ Ezra S. Greenberg
                                                Assistant County Attorney