UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24374-BLOOM/Otazo-Reyes

MARGLLI GALLEGO,

    Plaintiff,

v.

IVETTE PEREZ, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO MODIFY STAY ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion to Modify Stay Order, ECF No. [78] ("Motion"), filed on February 28, 2022. Plaintiff filed a Response in Opposition to the Motion, ECF No. [82] ("Response"), to which Defendants filed a Reply, ECF No. [83] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part.

On September 20, 2021, Defendants Ivette Perez and Carlos Luffi filed a Notice of Appeal, ECF No. [65], contesting the Court's Order denying their motion to dismiss based on qualified immunity. *See* ECF No. [61]. On September 23, 2021, Defendants filed a Renewed Motion to Stay Case and Vacate or Suspend Scheduling Order, ECF No. [67] ("Motion to Stay"), requesting that the Court suspend all deadlines and obligations set forth in the Scheduling Order, ECF No. [62], pending the issuance of the mandate in Appeal No. 21-13212-HH (the "Appeal"). The Court agreed that a stay of all proceedings pending the resolution of the Appeal was appropriate and granted the Motion to Stay. ECF No. [69] ("Order Staying Case").

On January 7, 2022, Defendants filed a Motion to Partially Lift Stay for Discovery, ECF No. [73] ("Motion to Lift Stay"), requesting that the Court partially lift the stay in these proceedings to permit discovery, and otherwise keep the stay in place with respect to any other pretrial deadlines pending the Eleventh Circuit's mandate. *See generally id.* Specifically, Defendants explained that "Plaintiff noticed both Officer Perez and Officer Luffi for full-day depositions in her pending criminal case to take place February 9 and 10, 2022 and served subpoenas on the State Attorney for Officers Perez and Luffi's depositions." *Id.* at 2. Defendants argued that "[b]ecause Officers Perez and Luffi will now be subject to discovery on the very subject matter underlying the Second Amended Complaint, albeit through a different process, the protection of qualified immunity for discovery appears to have evanesced" and "the rationale behind seeking the stay no longer applies." *Id.*

In response, Plaintiff argued that considerations of judicial economy and case administration weigh in favor of continuing the stay in this action. *See generally* ECF No. [74]. Plaintiff further argued that Defendants were seeking "to lift the stay solely to propound discovery against her and seek to depose her, all in contravention of her Fifth Amendment right against self-incrimination." *Id.* at 5. As such, Plaintiff represented that "[i]f the Court lifts the stay, [she] will move for her own stay in order to protect her Fifth Amendment right against self-incrimination — something that the state court judge presiding over her defamation case has already ruled upon in her favor." *Id.*

Thereafter, on February 11, 2022, the Court entered an Order on Motion to Partially Lift Stay, ECF No. [77] ("Order"), in which the Court declined to partially lift the stay in these proceedings and found that a continued stay is warranted to protect Plaintiff's Fifth Amendment privilege against self-incrimination. *See generally id.*; *see also United States v. Lot 5, Fox Grove,*

*Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) ("A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" (citing *United States v. Kordel*, 397 U.S. 1, 12-13 & n. 27 (1970))). Specifically, the Court explained that "[w]hile the mere existence of parallel criminal and civil proceedings do not automatically mandate a stay of the latter," it was clear to the Court based upon the parties' briefings that there was an "'overwhelming degree of overlap' between the pending criminal charges against Plaintiff and the instant action." *Id.* at 3.

Defendants now move for an order lifting the stay "to allow discovery, or, at a minimum rescinding the portion of the order that makes the stay dependent on the termination of all criminal proceedings in *State of Florida v. Marglli Gallego*, F21-005594." ECF No. [78] at 1. Specifically, Defendants argue that the Court's issuance of a stay to protect Plaintiff from having to invoke her Fifth Amendment right against self-incrimination was erroneous because the "special circumstances" doctrine does not apply to a civil plaintiff. ECF No. [78] at 3-5. *See United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991) ("[T]he Fifth Amendment is violated when a person, who is a defendant in both a civil and a criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment." (citing *Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944, 946-47 (11th Cir. 1990))) (alterations in original); *Tribble v. Tew*, 760 F. App'x 718, 721 (11th Cir. 2019) (same).

Defendants further argue that even if the "special circumstances" doctrine could be invoked by a civil plaintiff, a stay is warranted only "when the invocation of the privilege would result in 'automatic entry of summary judgment.'" ECF No. [78] at 5 (quoting *Premises Located at Route 13*, 946 F.2d at 756 ("[T]o trigger this rule, the invocation of the privilege must result in an adverse judgment, not merely the loss of 'his most effective defense.'")). Defendants explain that "special

3

circumstances" do not justify a stay because "[t]he elements of proof in this civil case do not overlap any elements of proof on the crimes for which [Plaintiff] is charged." *Id.* 5, 7; *see also* ECF No. [80-3]. Defendants further aver that "Plaintiff could not show that her assertion of the Fifth Amendment would result in automatic summary judgment against her given the numerous other witnesses to the incident." *Id.* at 7.

Plaintiff opposes the Motion and asserts three overarching arguments in her Response: (1) Defendants have failed demonstrate why the Court should invoke its limited discretion under Fed. R. Civ. P. 54(b) to modify its interlocutory Order, ECF No. [82] at 2-4; (2) granting Defendants' requested relief "would place [Plaintiff] in a proceeding where the answer of official questions might incriminate her in violation of her Fifth Amendment right against self-incrimination[,]" *id.* at 5; and (3) it is "inconsequential" that Plaintiff is seeking to enforce the "special circumstances" doctrine because "there is a risk that statements compelled in a civil action could potentially bring her to the point of self-incrimination[,]" *id.* at 6.

Upon review and consideration of the parties' briefings, the Court agrees with Defendants that the case law does not entitle Plaintiff to the relief the Court previously granted. Specifically, notably absent from Plaintiff's Response is any authority in support of her position that the "special circumstances" doctrine may be invoked by a plaintiff in a civil proceeding. *See generally* ECF No. [82]; *see also Tribble*, 760 F. App'x at 721 ("[T]he right to avoid self-incrimination under the Fifth Amendment is violated 'when a person, who is *a defendant in both a civil and criminal case*, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment.'" (quoting *Premises Located at Route 13*, 946 F.2d at 756)) (emphasis added); *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 926 (11th Cir. 1997) ("A party who asserts the privilege may not 'convert [it] from the shield against compulsory self-incrimination

which it was intended to be into a sword whereby [he] would be freed from adducing proof in support of a burden which would otherwise have been his." (quoting *United States v. Rylander*, 460 U.S. 752, 758-59 (1983))) (alterations in original). The Court finds that Plaintiff's failure to cite to any authority providing a civil plaintiff with the benefits of the "special circumstances" doctrine is critical. *See Waldbaum v. Worldvision Enterprises, Inc.*, 84 F.R.D. 95, 97 (S.D.N.Y. 1979) (denying plaintiff's motion to stay discovery pending disposition of criminal charges against him and holding that while plaintiff cited to numerous cases where courts stayed discovery, "[t]he fact that these cases involved defendants, not plaintiffs, in civil proceedings is critical.").

Additionally, even if the "special circumstances" doctrine could apply to a civil plaintiff, Plaintiff has failed to respond to Defendants' arguments regarding the dissimilarity of the elements in this case and the criminal proceeding, as well as Defendants' arguments regarding the availability of other witnesses and evidence. *See SEC v. Wright*, 261 F. App'x 259, 262-63 (11th Cir. 2008) ("[T]he blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay."); *see also Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." (internal quotations omitted)); *Resolution Trust. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it[.]" (citation omitted)). Nonetheless, the Court will not disturb its initial Order Staying Case, ECF No. [69], and concludes that the interest of conserving the parties' and judicial resources warrant a continued stay of these proceedings pending the issuance of the mandate in Appeal No. 21-13212-HH.

Case No. 20-cv-24374-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [78]**, is **GRANTED IN PART**.

2. The Court rescinds the portion of the Court's Order, ECF No. [77], that makes the stay dependent on the termination of all criminal proceedings in *State of Florida v. Marglli Gallego*, F21-005594.

3. This case is **STAYED** pending the issuance of the mandate in Appeal No. 21-13212-HH.

4. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record