# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 10, 2024

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY _____ AP _____ D.C.

Jul 10, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 21-13212-CC
Case Style: Marglli Gallego v. Ivette Perez, et al
District Court Docket No: 1:20-cv-24374-BB

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13212

_____

MARGLLI GALLEGO,

                                  Plaintiff-Appellee,

*versus*

IVETTE PEREZ,
CARLOS LUFFI,

                                  Defendants-Appellants,

RICKY GARCIA, et al,

                                  Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

2                                                                      21-13212

D.C. Docket No. 1:20-cv-24374-BB

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: June 11, 2024

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: July 10, 2024

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13212

_____

MARGLLI GALLEGO,

                          Plaintiff-Appellee,

*versus*

IVETTE PEREZ,
CARLOS LUFFI,

                          Defendants-Appellants,

RICKY GARCIA, et al.,

                          Defendants.

_____

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 5 of 20
USCA11 Case: 21-13212   Document: 39-1   Date Filed: 06/11/2024   Page: 2 of 15

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-24374-BB

_____

Before BRANCH and LUCK, Circuit Judges, and ANTOON,[*] District Judge.

LUCK, Circuit Judge:

Marglli Gallego brought this 42 U.S.C. section 1983 action against four police officers. She alleged that two of those officers—whom we'll call the "off-duty officers"—unreasonably seized her in violation of the Fourth Amendment. And she alleged that the other two officers—Sergeant Carlos Luffi and Officer Ivette Perez—instigated and participated in the seizure in violation of the Fourth Amendment.

Sergeant Luffi and Officer Perez moved to dismiss the claims against them based on qualified immunity, but the district court denied their motion. It concluded that Gallego sufficiently alleged in the second amended complaint that Sergeant Luffi and Officer Perez violated the Fourth Amendment by participating in a causeless seizure and the violations were clearly established. We disagree on the last part. Because it was not clearly established that Sergeant Luffi's and Officer Perez's alleged participation

---

[*] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 6 of 20
USCA11 Case: 21-13212   Document: 39-1   Date Filed: 06/11/2024   Page: 3 of 15

21-13212                Opinion of the Court                3

violated the Fourth Amendment, we reverse and remand for the district court to dismiss the claims against them.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

During 2018, Gallego was the president of Hammocks Community Association, Inc., Florida's largest homeowners association.[1] On March 6, 2018, the association held a board-member election at its clubhouse. It retained the off-duty officers for security and to keep out nonmembers. Sergeant Luffi (the off-duty officers' supervisor) and Officer Perez showed up at the clubhouse about fifteen minutes before voting ended. Sergeant Luffi and Officer Perez were no strangers to Gallego and the association. They had been investigating Gallego for several years, telling property owners, vendors, and contractors that she was stealing the association's money.

When Sergeant Luffi and Officer Perez arrived, they talked to the off-duty officers near the clubhouse's front door for ten to fifteen minutes. Sergeant Luffi and Officer Perez told one off-duty officer that "they were going to arrest Mrs. Gallego." All four officers then entered the clubhouse together. But the association's property manager and Gallego told Sergeant Luffi and Officer Perez that they had to leave because they weren't Hammocks members.

---

[1] The facts come from the second amended complaint and are accepted as true. *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 7 of 20
USCA11 Case: 21-13212     Document: 39-1     Date Filed: 06/11/2024     Page: 4 of 15

4                          Opinion of the Court                     21-13212

Sergeant Luffi and Officer Perez ignored those instructions and continuously demanded to take the election ballots. Gallego "told Sergeant Luffi that he must be a relative of someone who d[id] not want her to be on the [b]oard." That prompted Officer Perez to "interject[]" and say, "How do you know that? Why did you say that? . . . I can't wait to put you in a chair and ask you questions." As Gallego began responding that Officer Perez couldn't question her because she had a lawyer, one of the off-duty officers "immediately pushed [her] away," telling her to sit in a chair and to not move.

Gallego complied and sat down. After she did, the off-duty officers "sandwich[ed]" her by sitting in the adjacent chairs. The off-duty officers kept Gallego sandwiched in the chair for four and a half hours. During that time, Sergeant Luffi lifted his shirt to "flash[] his handcuffs" in Gallego's direction "numerous times." Officer Perez, for her part, "came over multiple times and told . . . Gallego, 'I'm going to be able to ask you questions!'" It was only after Sergeant Luffi and Officer Perez left the clubhouse that the off-duty officers let Gallego out of the chair.

Gallego brought this section 1983 action against the four officers. She alleged that the off-duty officers unreasonably seized her without cause in violation of the Fourth Amendment. And she alleged a different Fourth Amendment theory against Sergeant Luffi and Officer Perez—that, although they were non-seizing officers, their "instigation and[] participation in the events on March

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 8 of 20
USCA11 Case: 21-13212   Document: 39-1   Date Filed: 06/11/2024   Page: 5 of 15

21-13212               Opinion of the Court                5

6, 2018 caused or contributed to the prolonged stop and detention."

The off-duty officers answered Gallego's complaint, but Sergeant Luffi and Officer Perez moved to dismiss the claims against them based on qualified immunity. The district court denied their motion. It acknowledged that Gallego's complaint alleged "novel facts." But, the district court concluded, Sergeant Luffi and Officer Perez weren't entitled to qualified immunity because the off-duty officers unlawfully seized Gallego, there was "some participation" by Sergeant Luffi and Officer Perez, and our decisions in *Jones v. Cannon*, 174 F.3d 1271 (11th Cir. 1999), and *Jordan v. Mosley*, 487 F.3d 1350 (11th Cir. 2007), clearly established "that a participant in an arrest, even if not the arresting officer, may be liable if the officer knew that the arrest lacked any constitutional basis and participated in some way."

Sergeant Luffi and Officer Perez appeal the district court's denial of qualified immunity.

## STANDARD OF REVIEW

We review de novo a district court's "denial of a motion to dismiss . . . on qualified immunity grounds." *Long v. Slaton*, 508 F.3d 576, 579 (11th Cir. 2007).

## DISCUSSION

"Qualified immunity shields public officials from liability for civil damages when their conduct does not violate a constitutional right that was clearly established at the time of the challenged

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 9 of 20
USCA11 Case: 21-13212   Document: 39-1   Date Filed: 06/11/2024   Page: 6 of 15

6                        Opinion of the Court                    21-13212

action." *Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019) (quoting *Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016)). An official seeking dismissal based on qualified immunity "must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful act occurred." *Id.* If he does, then the burden "shifts to the plaintiff to overcome the official's qualified immunity." *Id.* (citing *Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017)).

There is no dispute that Sergeant Luffi's and Officer Perez's challenged conduct was within their discretionary authority. Thus, it was Gallego's burden to overcome qualified immunity. *See id.* That required her to establish that (1) the officers "violated a federal statutory or constitutional right" and (2) "the unlawfulness of their conduct was 'clearly established at the time.'" *Dist. of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (citation omitted). We "have discretion to decide which of the two prongs . . . to tackle first," *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)), because "it is not necessary to decide both prongs [if] it is plain that the right [wa]s not clearly established," *Wilson v. Sec'y, Dep't of Corr.*, 54 F.4th 652, 660 (11th Cir. 2022).

"Clearly established" means that the law, at the time of the challenged conduct, "was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *Wesby*, 583 U.S. at 63 (marks and citation omitted). There are three ways to show the law was sufficiently clear: first, by

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 10 of 20
USCA11 Case: 21-13212    Document: 39-1    Date Filed: 06/11/2024    Page: 7 of 15

21-13212               Opinion of the Court                    7

"point[ing] . . . to a 'materially similar case'"; second, by showing there is "a broader, clearly established principle that should control the novel facts of the situation"; and third, by showing the challenged conduct "so obviously violate[d] the [C]onstitution that prior case law [wa]s unnecessary." *Echols*, 913 F.3d at 1324 (citations omitted). "[I]f a plaintiff cannot show that the law at issue was clearly established under the first . . . method, that usually means qualified immunity is appropriate." *King v. Pridmore*, 961 F.3d 1135, 1146 (11th Cir. 2020) (citing *Corbitt v. Vickers*, 929 F.3d 1304, 1312 (11th Cir. 2019) ("[I]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." (citation omitted))).

Here, Gallego alleged that Sergeant Luffi and Officer Perez—as *non-seizing officers*—are liable because their "instigation and[] participation in the events on March 6, 2018 caused or contributed to" the off-duty officers' seizure. Both officers, according to Gallego, caused the seizure by telling the off-duty officers "they were going to arrest Mrs. Gallego" and by refusing to leave the clubhouse. She also alleged that Sergeant Luffi, specifically, flashed his handcuffs "numerous times," and that Officer Perez told Gallego "multiple times" that she wanted to question Gallego. But Gallego has not shown it was clearly established in March 2018 that any of this conduct violated the Fourth Amendment.

First, as Gallego correctly conceded during oral argument, there is no "materially similar" case placing the Fourth Amendment question "beyond debate." *Echols*, 913 F.3d at 1324

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 11 of 20
USCA11 Case: 21-13212    Document: 39-1    Date Filed: 06/11/2024    Page: 8 of 15

8                        Opinion of the Court                     21-13212

(citations omitted). The closest is our decision in *Jones*, but it's not close enough.

In *Jones*, we concluded a reasonable jury could find the non-seizing officer "participated" in another officer's warrantless arrest because he "stayed with [the plaintiff] while [the arresting officer] called the state's attorney about probable cause," "was present during the [plaintiff's] interview," "took notes" that were used in the arrest report, "reviewed the report for accuracy," and, "[m]ore importantly, . . . transported [the plaintiff] to jail" with the arresting officer. 174 F.3d at 1277–78, 1284; *see also Wilkerson v. Seymour*, 736 F.3d 974, 980 (11th Cir. 2013) (emphasizing that "the non-arresting officer [in *Jones*] participated in the transportation, arrest, and report"). Sergeant Luffi's and Officer Perez's involvement in the off-duty officers' seizure was materially different. They did not guard Gallego for an arresting officer, they did not escort her to jail, and they did not help complete an arrest report.[2]

Second, there is no broader, clearly established principle that controls the novel facts of this case. A broad principle clearly establishes the law only if it "do[es] so 'with obvious clarity[,]' to the point that every objectively reasonable government official facing the circumstances would know that [his] conduct did violate

---

[2] *Jordan* is even further off the mark. There, we concluded the non-seizing officer was immune because the arrest was supported by probable cause. *Jordan*, 487 F.3d at 1354–57. We did not address whether, absent probable cause, he sufficiently participated in the arrest. *See id.*

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 12 of 20
USCA11 Case: 21-13212   Document: 39-1   Date Filed: 06/11/2024   Page: 9 of 15

21-13212               Opinion of the Court                    9

federal law when [he] acted." *Vinyard v. Wilson*, 311 F.3d 1340, 1351 (11th Cir. 2002).

The district court concluded (and Gallego agrees) our cases have adopted a broad principle that instigating or participating in an unlawful seizure "in some way" violates the Fourth Amendment, and that principle controlled the "novel facts" here because there allegedly was at least "some participation" by Sergeant Luffi and Officer Perez. Indeed, we have "made explicit . . . that a participant in an arrest, even if not the arresting officer, may be liable if he knew the arrest lacked any constitutional basis and yet participated in some way." *Wilkerson*, 736 F.3d at 980 (discussing *Jones*); *see also Jordan*, 487 F.3d at 1354 ("In this Circuit, a non-arresting officer who instigates or causes an unlawful arrest can still be liable under the Fourth Amendment." (citing *Rodriguez v. Ritchey*, 539 F.2d 394, 400 (5th Cir. 1976))). But our generalized statements that an officer "may" or "can" be liable if he participates "in some way" did not clearly establish that Sergeant Luffi's and Officer Perez's conduct was unlawful. *See Wilkerson*, 736 F.3d at 980; *Jordan*, 487 F.3d at 1354; *compare City of Tahlequah v. Bond*, 595 U.S. 9, 13 (2021) (reasoning that the principle "deliberate or reckless preseizure conduct *can* render a later use of force excessive" was "much too general" to clearly establish an excessive force violation (emphasis added)); *Wesby*, 583 U.S. at 63-64 (explaining that courts "must not define clearly established law at a high level of generality . . . especially . . . in the Fourth Amendment context").

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 13 of 20
USCA11 Case: 21-13212    Document: 39-1    Date Filed: 06/11/2024    Page: 10 of 15

10                       Opinion of the Court                   21-13212

Those statements did not make obvious *how much* instigation of an unlawful seizure, or participation in it, violates the Fourth Amendment. That fact-intensive question must be answered on a case-by-case, officer-by-officer basis. *See Wilkerson*, 736 F.3d at 979–80 (explaining that our "different holdings" in *Jones*—that a non-arresting officer wasn't immune as to an initial arrest but was immune for prolonged detention after a probable cause hearing—were "based . . . on both [his] degree of participation . . . and the amount of information available to [him]"); *cf. Vinyard*, 311 F.3d at 1351 (cautioning that broad principles must be untethered from particular facts to clearly establish the law for novel facts). That's because the causal connection between "some" involvement and a seizure may be too remote to find a Fourth Amendment violation. *See Brown v. City of Huntsville*, 608 F.3d 724, 737 (11th Cir. 2010) (concluding "the facts d[id] not show personal participation" by two officers in arresting one plaintiff, although one officer remarked "arrest [him] too" while arresting a co-plaintiff); *Rodriguez*, 539 F.2d at 401–02 (concluding a federal agent "did not cause or instigate [the plaintiff]'s arrest" where his "role was limited to monitoring [a] wiretap" and his notes were given to a different non-arresting agent); *cf. Wilkerson*, 736 F.3d at 980 ("assuming [without deciding] that [the defendant] *sufficiently* participated" (emphasis added)).

Because "some way" does not specify how much involvement and engagement crosses the line from remote to a Fourth Amendment violation, it did not make obvious to every reasonable official that talking about a future arrest and later flashing handcuffs

Case 1:20-cv-24374-BB   DOCUMENT 95   Entered on FLSD Docket 07/11/2024   Page 14 of 20
USCA11 Case: 21-13212    Document: 39-1    Date Filed: 06/11/2024    Page: 11 of 15

21-13212               Opinion of the Court                11

at a detainee (like Sergeant Luffi) was too much. *See Vinyard*, 311 F.3d at 1351 (explaining that a broad principle must be clear enough "that every objectively reasonable government official facing the circumstances would know that [his] conduct did violate federal law"); *Wesby*, 583 U.S. at 63 (same). Nor did it make obvious that saying "I can't wait to put you in a chair and ask you questions" and "I'm going to be able to ask you questions!" (like Officer Perez) was too much.

Gallego argues that the degree of Sergeant Luffi's and Officer Perez's involvement is only relevant to whether a constitutional right was violated, and not to whether a broad principle clearly established their violations. This argument essentially asks us to divorce the clearly-established prong from the facts of Sergeant Luffi's and Officer Perez's particular conduct. But both the Supreme Court and this court have "repeatedly" admonished that the clearly-established prong's "dispositive question" is "whether the violative nature of *particular* conduct [wa]s clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citations omitted); *see also, e.g.*, *Crocker v. Beatty*, 995 F.3d 1232, 1241–42 (11th Cir. 2021) (explaining that we must consider "the specific context of the case" at the clearly-established prong even if the plaintiff relies on a broad principle (citation omitted)). The violative nature of Sergeant Luffi's and Officer Perez's participation hinges on the amount necessary to trigger Fourth Amendment liability. *Compare Brown*, 608 F.3d at 737, *and Rodriguez*, 539 F.2d at 401–02, *with Jones*, 174 F.3d at 1284. Because no broad principle clearly

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 15 of 20
USCA11 Case: 21-13212   Document: 39-1   Date Filed: 06/11/2024   Page: 12 of 15

12                      Opinion of the Court                    21-13212

established their participation exceeded that threshold, Gallego fails to overcome immunity through the second method.

Finally, this isn't a case where the challenged conduct "so obviously violate[d] the [C]onstitution that prior case law [wa]s unnecessary." *Echols*, 913 F.3d at 1324 (citation omitted). Because this method is a "narrow exception" reserved for "conduct [that] lies so obviously at the very core of what the Fourth Amendment prohibits," *Terrell v. Smith*, 668 F.3d 1244, 1257 (11th Cir. 2012) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1199 (11th Cir. 2002)), it most often applies in excessive force cases involving "depraved, inhumane treatment," *see Gilmore v. Hodges*, 738 F.3d 266, 279 (11th Cir. 2013). For example, we've found no need for prior case law where "a police officer . . . allowed his canine to attack . . . a prone and wholly compliant suspect," *Terrell*, 668 F.3d at 1257–58 (citing *Priester v. City of Riviera Beach*, 208 F.3d 919, 927 (11th Cir. 2000)), an officer "slammed a suspect's head against the trunk of his cruiser *after* the suspect had been . . . fully secured," *id.* at 1258 (citing *Lee*, 284 F.3d at 1199), and officers "threw a secured suspect headfirst into . . . pavement" before repeatedly kicking him, *id.* (citing *Slicker v. Jackson*, 215 F.3d 1225, 1227–28 (11th Cir. 2000)). But the conduct Gallego complains of—that Sergeant Luffi and Officer Perez told others she stole the association's money, showed up at the board election uninvited, talked about arresting and questioning her, and flashed handcuffs—is far less extreme and does not so obviously lie at the Fourth Amendment's core.

Case 1:20-cv-24374-BB   Document 95   Entered on FLSD Docket 07/11/2024   Page 16 of 20
USCA11 Case: 21-13212    Document: 39-1    Date Filed: 06/11/2024    Page: 13 of 15

21-13212               Opinion of the Court                    13

The dissenting opinion does not dispute any of this. It does not point to a materially similar case placing the Fourth Amendment question beyond debate—because the dissenting opinion doesn't cite any cases involving conduct like Sergeant Luffi's and Officer Perez's. And it does not point to a broader, clearly established principle that every objectively reasonable government official facing the circumstances would know violated federal law—because the dissenting opinion doesn't quote any broader principles. Instead, the dissenting opinion insists that Gallego alleged "sufficient factual material . . . to state a claim to relief." Dissenting Op. at 1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Maybe. But whether Gallego alleged "sufficient facts" tells us nothing about the issue the parties argued to us on appeal and that we have to decide: whether the unlawfulness of Sergeant Luffi's and Officer Perez's conduct was clearly established on the day Gallego was seized by the off-duty officers. As we've already explained, it wasn't.

## CONCLUSION

Because Gallego failed to show Sergeant Luffi's and Officer Perez's alleged Fourth Amendment violations were clearly established, they are entitled to qualified immunity. We reverse the district court's order denying Sergeant Luffi and Officer Perez qualified immunity, and we remand for the district court to grant the officers' motion to dismiss.

**REVERSED and REMANDED**.

1                         ANTOON, J., Dissenting                    21-13212

ANTOON, District Judge, Dissenting:

Respectfully, I dissent. As the majority says, we review *de novo* the district court's denial of a motion to dismiss on qualified immunity grounds. *See, e.g.*, *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). In conducting this *de novo* review, we must "accept[] the facts alleged in the complaint as true and draw[] all reasonable inferences in [Gallego]'s favor." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1275–76 (11th Cir. 2016) (explaining that there is no heightened pleading requirement in § 1983 cases, even where qualified immunity is at issue). When I apply these standards, I conclude that Gallego has plausibly alleged sufficient facts to withstand the motion to dismiss.

Like Luffi and Perez, the majority focuses on the "clearly established" prong of the qualified immunity analysis—that is, on whether existing case law provided notice to Luffi and Perez that their level of participation in Gallego's detention could subject them to § 1983 liability. In my view, Gallego has alleged enough to survive Luffi and Perez's motion to dismiss. This is the case regardless of whether an officer's level of participation is appropriately analyzed as part of the "clearly established" prong or as part of the assessment of each officer's conduct.

21-13212                ANTOON, J., Dissenting                2

Gallego's Second Amended Complaint describes Luffi—the ranking officer—and Perez as more than mere bystanders or bit players in Gallego's detention. Upon arrival at the Hammocks, they had a ten- to fifteen-minute conversation with the other two officers, Garcia and Escobar. Although the details of that conversation are not yet known to Gallego or the court, at minimum Luffi and Perez told Garcia that they were there to arrest Gallego. All four officers then entered the clubhouse, and Luffi and Perez eventually confronted Gallego. In response to that confrontation, Garcia pushed Gallego and ordered her to sit down. Luffi and Perez then taunted Gallego while she was sandwiched between Garcia and Escobar. Throughout this course of events, Luffi and Perez were visibly armed. And Gallego was released only once Luffi and Perez left.

Perhaps Gallego's claims would not survive the evidentiary assessment that occurred at summary judgment in the cases cited by the majority, but her allegations are sufficient to overcome Luffi's and Perez's assertions of qualified immunity at the motion-to-dismiss stage. Thus, I would affirm the district court's denial of the motion to dismiss.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 11, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-13212-CC
Case Style: Marglli Gallego v. Ivette Perez, et al
District Court Docket No: 1:20-cv-24374-BB

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellee(s) / Respondent(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion