**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-24374-CIV-BLOOM**

MARGLLI GALLEGO

     Plaintiff,

v.

RICKY GARCIA and
FLAVIO ESCOBAR,

     Defendants.

_____/

**DEFENDANT FLAVIO ESCOBAR'S FIRST SET**
**OF INTERROGATORIES TO PLAINIFF**

     Defendant, Flavio Escobar, by and through undersigned counsel, and pursuant to Federal Rule

of Civil Procedure 33 and Local Rule 26, propounds the following interrogatories upon and requests

that they be answered separately, fully and under oath within thirty (30) days of service.

  DATE: May 13, 2025.

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: /s/ *Bernard Pastor*
Bernard Pastor, Bar No. 46582
Assistant County Attorney
Email: pastor@miamidade.gov
Phone: (305) 375-5151
Attorney for Defendants

**COMPOSITE EXHIBIT A**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the **13th day of May, 2025** a copy of **<u>DEFENDANT FLAVIO ESCOBAR'S FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>** was served by email on Hilton Napoleon, II, Napoleon Law Firm, 2525 Ponce De Leon Blvd., Ste. 300, Coral Gables, FL 33134, <u>assistant@napoleonfirm.com</u>.

/s/ <i>Bernard Pastor</i>
Assistant County Attorney

## **INSTRUCTIONS**

A.      Each Interrogatory and part thereof, shall be answered separately, fully and completely without reference to any answer of any other Interrogatory.

B.      Unless otherwise indicated, the relevant time period referred to in these Interrogatories is from 10 years before the incident alleged in the Complaint through the date of your answer to these Interrogatories.

C.      With respect to information or documents as to which you may claim privilege, attorney's work product or trial preparation materials, you are requested to identify each such document, in writing, on or before the date of the production set forth herein, together with the following information:  the nature, date, subject matter and author of the document, as well as the identity of all persons to whom the document was directed, addressed or received, and the paragraphs of the discovery requests to which the document corresponds.  For each such document you are further required to state the basis for your claim of privilege, attorneys' work product or trial preparation materials.

## **DEFINITIONS**

D.      The words "you," "yours," "Plaintiff," and/or "yourselves" means the party to whom these interrogatories are directed, each and every name by which the party is known or has been known, and each and every employee, attorney and agent of such party.

E.      The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation".

F.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

G.      The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

H.      "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

I.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

J.      The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

K.     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

L.     The term "action" or "Complaint" shall mean the case entitled *Marglli Gallego v. Ivette Perez et. al,*, Case No. 20-24374-CIV-BLOOM, pending in the United States District Court, Southern District of Florida.

M.     The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

## **INTERROGATORIES**

1.      State your name, including any aliases, nicknames, or other names which you are or have been known by, your present address, date of birth, social security number, and driver's license number and/or Florida identification number.

   **NOTE:**  Social security numbers will <u>not</u> be shared with anyone other than the attorneys working on this case and their agents, and will be redacted, along with dates of birth, in any court filings, and will <u>not</u> be provided to the public if requested.

2.      State the exact address, giving the street, number, city and state at which you resided at the time of the alleged incident in this case.  Provide each of your former addresses, together with the approximate dates you lived at each address, and all addresses since the incident.

3.      State whether you are or have ever been married, the name of all current or former spouse or spouses and the name and ages of your children, if any, and identify any of your legal dependents.

4. List the names, business addresses, telephone numbers, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked for the past 10 years, and your position, and the name of your supervisor(s).

5. State whether you have ever been arrested or convicted of a crime, including juvenile adjudications, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year (i.e., a felony), or involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction.

6. List the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you or your agents believe has or may have, any knowledge or information pertaining to any fact alleged or issues raised in the pleadings filed in this action, or any fact underlying the subject matter of this action.  For each person, state the specific nature and substance of the knowledge or information the person may have.

7.  List the name, residence address, business address and telephone number of each person believed or known by you, or your agents to have heard or who is purported to have heard any defendant or their agents or employees make any statement, remark or comment concerning the incident described in the Complaint and the substance of each statement, remark or comment.

8.  List the names, business addresses and business telephone numbers of all physicians, medical facilities, hospitals, or health care providers by whom or which you have been examined or treated during the ten years before the date of incident to the present, and as to each the date(s) of examination or treatment, and the condition or injury for which you was examined or treated.

9.  Have you ever visited, been diagnosed, or been treated by a mental health professional, such as a psychiatrist, psychologist, or therapist?  If so, please list the names, addresses, and telephone numbers of the mental health professionals and the dates of treatment.

10. Please provide the name and address of each person whom you may use as an expert witness at trial and state in detail the substance of all opinions to be provided by each person whom you may use as an expert witness at trial, describing his/her qualifications as an expert, and stating the subject matter upon which he/she is expected to testify.

11. Please list the names, home and work telephone numbers, and home and work addresses, of every person whom you have spoken to or otherwise communicated to about the incident described in your Complaint and that is the subject of this lawsuit, excluding your attorney.

12. Describe the substance of any oral communication or statements immediately prior to, during, and after the incident alleged in the Complaint made by: (a) you; (b) any witnesses; and (c) any of Miami-Dade County's officers, employees or agents, relating to the allegations in the Complaint and any issue raised in other pleadings.

13. State whether you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter (including civil, criminal, bankruptcy, or other), and, if so, state whether you were the plaintiff or defendant, the nature of the action, the date and court in which suit was filed, and the outcome of each case.

14. Have you previously testified in court or given a statement under oath in any capacity? If so, please list the date, place, case style (if applicable), and the reason for the testimony or under-oath statement.

15. Do you have any social media accounts including, but not limited to, Facebook, WhatsApp, Kik, Twitter, X, Myspace, Tumblr, Instagram, LinkedIn, Google+, FourSquare, Flickr, or Pinterest? If so, please indicate which accounts you have, your username, the date on which the account was created and whether you have ever deleted any data from your accounts for any reason.

16. Please state each item or category of damages that you claim and include in your answer: the category into which each item of damages falls, *i.e.* general damages, medical expenses, special or consequential damages (such as lost income, earning capacity, or profits in the past or future as a result of the incident described in the Complaint), pain and suffering, interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used, including any mathematical formula used, and identify any documents relied upon in answering this interrogatory.

    **NOTE**: Vague answers such as "I have not calculated my damages yet" or "my damages are at present undetermined" are unresponsive and unacceptable and will be met with a motion to compel.

17. Please state if you are/were an owner, partner, member, officer, or director or are/were affiliated with any partnership, corporation, limited liability company, S-corporation, or other business entity, providing the full name of the business entity and brief description of your relationship to it.

18. List all real property that you have/had an ownership interest in anywhere in the world, including the address of the property, a description of the property and the nature of your ownership interest.

19. Please state whether you have applied for any federal, state or local government benefits (e.g., disability, unemployment, supplemental nutrition assistance, Medicare, Medicaid, Social Security Disability ("SSD") and/or Supplemental Security Income ("SSI") benefits etc.), including the status of your application (i.e., whether it was accepted or rejected) and the monetary value of the benefits received on a monthly basis. If applicable, please state your Medicare Health Insurance Claim Number (HICN) and any other applicable claim or matter reference number(s), as well as the corresponding entitlement date(s). Please include in your answer, (a) the nature/type of benefits received (i.e., Medicare Part A, Medicare Part B, Medicare Part C, Medicare Part D, Medicaid, SSD, SSI, etc.); (b) the cause, basis or reason for each/any of those benefits; (c) the date(s) each/any of those benefits were received; (d) the amount received for each/any of those benefits, per date; and (e) your current status as a Medicare, Medicaid, Social Security Disability, and/or Supplemental Security Income recipient, and/or recipient of any other government benefit of any kind.

20. Please identify all documents you relied upon to answer these interrogatories.  For each document, please identify for which interrogatory you relied on the document.

21. Please state if you have ever held any positions, elected or otherwise, in any homeowner association preceding the 10 years before the date of the allegations of the Complaint through the present, providing the full name of the entity, a brief description of your relationship to the association, any titles held, and, if you are no longer holding a position with such association(s), the reasons and circumstances why you are no longer with the association(s).

I have read the foregoing Answers to Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.

_____

MARGLLI GALLEGO

STATE OF FLORIDA             :
                             :
SS COUNTY OF MIAMI-DADE      :

       Sworn to and subscribed before me at Miami-Dade County, Florida this _____ day of _____,

2025, by

____  Who is personally known to me
____  Who produced identification: _____
                                     Type of identification

_____
Signature of Notary Public
State of Florida at Large

_____
Print, type or stamp name of notary public
My Commission Expires:

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 20-24374-CIV-BLOOM

MARGLLI GALLEGO

      Plaintiff,

v.

RICKY GARCIA and
FLAVIO ESCOBAR,

      Defendants

_____/

### DEFENDANT RICKY GARCIA'S FIRST SET
### OF INTERROGATORIES TO PLAINIFF

      Defendant, Ricky Garcia, by and through undersigned counsel, and pursuant to Federal Rule

of Civil Procedure 33 and Local Rule 26, propounds the following interrogatories upon and requests

that they be answered separately, fully and under oath within thirty (30) days of service.

  DATE: May 13, 2025.

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: /s/ *Bernard Pastor*
Bernard Pastor, Bar No. 46582
Assistant County Attorney
Email: pastor@miamidade.gov
Phone: (305) 375-5151
Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the **13th day of May, 2025** a copy of **<u>DEFENDANT RICKY GARCIA'S FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>** was served by email on Hilton Napoleon, II, Napoleon Law Firm, 2525 Ponce De Leon Blvd., Ste. 300, Coral Gables, FL 33134, <u>assistant@napoleonfirm.com</u>.

/s/ *Bernard Pastor*
Assistant County Attorney

## **INSTRUCTIONS**

A.      Each Interrogatory and part thereof, shall be answered separately, fully and completely without reference to any answer of any other Interrogatory.

B.      Unless otherwise indicated, the relevant time period referred to in these Interrogatories is from 10 years before the incident alleged in the Complaint through the date of your answer to these Interrogatories.

C.      With respect to information or documents as to which you may claim privilege, attorney's work product or trial preparation materials, you are requested to identify each such document, in writing, on or before the date of the production set forth herein, together with the following information:  the nature, date, subject matter and author of the document, as well as the identity of all persons to whom the document was directed, addressed or received, and the paragraphs of the discovery requests to which the document corresponds.  For each such document you are further required to state the basis for your claim of privilege, attorneys' work product or trial preparation materials.

## **DEFINITIONS**

D.      The words "you," "yours," "Plaintiff," and/or "yourselves" means the party to whom these interrogatories are directed, each and every name by which the party is known or has been known, and each and every employee, attorney and agent of such party.

E.      The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation".

F.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

G.      The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

H.      "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

I.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

J.      The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

K.      The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

L.      The term "action" or "Complaint" shall mean the case entitled *Marglli Gallego v. Ivette Perez et. al,*, Case No. 20-24374-CIV-BLOOM, pending in the United States District Court, Southern District of Florida.

M.      The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

## <u>INTERROGATORIES</u>

1.     State your name, including any aliases, nicknames, or other names which you are or have been known by, your present address, date of birth, social security number, and driver's license number and/or Florida identification number.

          **NOTE:** Social security numbers will <u>not</u> be shared with anyone other than the attorneys working on this case and their agents, and will be redacted, along with dates of birth, in any court filings, and will <u>not</u> be provided to the public if requested.

2.     State the exact address, giving the street, number, city and state at which you resided at the time of the alleged incident in this case. Provide each of your former addresses, together with the approximate dates you lived at each address, and all addresses since the incident.

3.     State whether you are or have ever been married, the name of all current or former spouse or spouses and the name and ages of your children, if any, and identify any of your legal dependents.

4. List the names, business addresses, telephone numbers, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked for the past 10 years, and your position, and the name of your supervisor(s).

5. State whether you have ever been arrested or convicted of a crime, including juvenile adjudications, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year (i.e., a felony), or involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

6. List the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you or your agents believe has or may have, any knowledge or information pertaining to any fact alleged or issues raised in the pleadings filed in this action, or any fact underlying the subject matter of this action. For each person, state the specific nature and substance of the knowledge or information the person may have.

7.  List the name, residence address, business address and telephone number of each person believed or known by you, or your agents to have heard or who is purported to have heard any defendant or their agents or employees make any statement, remark or comment concerning the incident described in the Complaint and the substance of each statement, remark or comment.

8.  List the names, business addresses and business telephone numbers of all physicians, medical facilities, hospitals, or health care providers by whom or which you have been examined or treated during the ten years before the date of incident to the present, and as to each the date(s) of examination or treatment, and the condition or injury for which you was examined or treated.

9.  Have you ever visited, been diagnosed, or been treated by a mental health professional, such as a psychiatrist, psychologist, or therapist?  If so, please list the names, addresses, and telephone numbers of the mental health professionals and the dates of treatment.

10. Please provide the name and address of each person whom you may use as an expert witness at trial and state in detail the substance of all opinions to be provided by each person whom you may use as an expert witness at trial, describing his/her qualifications as an expert, and stating the subject matter upon which he/she is expected to testify.

11. Please list the names, home and work telephone numbers, and home and work addresses, of every person whom you have spoken to or otherwise communicated to about the incident described in your Complaint and that is the subject of this lawsuit, excluding your attorney.

12. Describe the substance of any oral communication or statements immediately prior to, during, and after the incident alleged in the Complaint made by: (a) you; (b) any witnesses; and (c) any of Miami-Dade County's officers, employees or agents, relating to the allegations in the Complaint and any issue raised in other pleadings.

13. State whether you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter (including civil, criminal, bankruptcy, or other), and, if so, state whether you were the plaintiff or defendant, the nature of the action, the date and court in which suit was filed, and the outcome of each case.

14. Have you previously testified in court or given a statement under oath in any capacity? If so, please list the date, place, case style (if applicable), and the reason for the testimony or under-oath statement.

15. Do you have any social media accounts including, but not limited to, Facebook, WhatsApp, Kik, Twitter, X, Myspace, Tumblr, Instagram, LinkedIn, Google+, FourSquare, Flickr, or Pinterest? If so, please indicate which accounts you have, your username, the date on which the account was created and whether you have ever deleted any data from your accounts for any reason.

16. Please state each item or category of damages that you claim and include in your answer: the category into which each item of damages falls, *i.e.* general damages, medical expenses, special or consequential damages (such as lost income, earning capacity, or profits in the past or future as a result of the incident described in the Complaint), pain and suffering, interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used, including any mathematical formula used, and identify any documents relied upon in answering this interrogatory.

    **NOTE:** Vague answers such as "I have not calculated my damages yet" or "my damages are at present undetermined" are unresponsive and unacceptable and will be met with a motion to compel.

17. Please state if you are/were an owner, partner, member, officer, or director or are/were affiliated with any partnership, corporation, limited liability company, S-corporation, or other business entity, providing the full name of the business entity and brief description of your relationship to it.

18. List all real property that you have/had an ownership interest in anywhere in the world, including the address of the property, a description of the property and the nature of your ownership interest.

19. Please state whether you have applied for any federal, state or local government benefits (e.g., disability, unemployment, supplemental nutrition assistance, Medicare, Medicaid, Social Security Disability ("SSD") and/or Supplemental Security Income ("SSI") benefits etc.), including the status of your application (i.e., whether it was accepted or rejected) and the monetary value of the benefits received on a monthly basis. If applicable, please state your Medicare Health Insurance Claim Number (HICN) and any other applicable claim or matter reference number(s), as well as the corresponding entitlement date(s). Please include in your answer, (a) the nature/type of benefits received (i.e., Medicare Part A, Medicare Part B, Medicare Part C, Medicare Part D, Medicaid, SSD, SSI, etc.); (b) the cause, basis or reason for each/any of those benefits; (c) the date(s) each/any of those benefits were received; (d) the amount received for each/any of those benefits, per date; and (e) your current status as a Medicare, Medicaid, Social Security Disability, and/or Supplemental Security Income recipient, and/or recipient of any other government benefit of any kind.

20. Please identify all documents you relied upon to answer these interrogatories. For each document, please identify for which interrogatory you relied on the document.

21. Please state if you have ever held any positions, elected or otherwise, in any homeowner association preceding the 10 years before the date of the allegations of the Complaint through the present, providing the full name of the entity, a brief description of your relationship to the association, any titles held, and, if you are no longer holding a position with such association(s), the reasons and circumstances why you are no longer with the association(s).

*Gallego v. Ivette Perez et. al.,*
CASE NO. 20-24374-CIV-BLOOM

I have read the foregoing Answers to Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.

_____
MARGLLI GALLEGO

STATE OF FLORIDA            :
                           : SS
COUNTY OF MIAMI-DADE        :

Sworn to and subscribed before me at Miami-Dade County, Florida this _____ day   of _____,   2025, by

____   Who is personally known to me
____   Who produced identification: _____
                                    Type of identification

_____
Signature  of  Notary  Public
State of Florida at Large

_____
Print, type or stamp name of notary public My
Commission Expires:

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-24374-CIV-BLOOM**

MARGLLI GALLEGO

      Plaintiff,

v.

RICKY GARCIA and
FLAVIO ESCOBAR,

      Defendants.

_____/

**DEFENDANT FLAVIO ESCOBAR'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO PLAINIFF**

Defendant, Flavio Escobar, pursuant to Federal Rule of Civil Procedure 34 and Local Rule

26, requests that produce all documents requested below within 30 days at the Office of the Miami-

Dade County Attorney, 111 N.W. 1st St., Suite 2810, Miami, FL 33128.

  DATE: May 13, 2025.

                      GERALDINE BONZON-KEENAN
                      Miami-Dade County Attorney
                      Stephen P. Clark Center
                      111 N.W. 1st Street, Suite 2810
                      Miami, Florida 33128

                      By: /s/ *Bernard Pastor*
                      Bernard Pastor, Bar No. 46582
                      Assistant County Attorney
                      Email: pastor@miamidade.gov
                      Phone: (305) 375-5151
                      Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the **13th day of May, 2025** a copy of **DEFENDANT FLAVIO ESCOBAR'S FIRST REQUEST TO PRODUCE TO PLAINTIFF** was served by email only on Hilton Napoleon, II, Napoleon Law Firm, 2525 Ponce De Leon Blvd., Ste. 300, Coral Gables, FL 33134, assistant@napoleonfirm.com, attorney for the Plaintiff.

/s/ *Bernard Pastor*

## INSTRUCTIONS

A.      Where an objection is made to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. If you object to any request, you must state whether documents are being withheld based on your objection.

B.      If you assert an objection to any production demand, or sub-part thereof, based on claim of privilege, and an answer is not provided on the basis of such claim, you must nevertheless provide the following information pursuant to Local Rule 26.1(e)(2)(B), unless divulging the information would disclose the privileged information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3) the date of the document, electronically stored information or oral communication;

(4) if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and addressee;

2

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document, electronically stored information or oral communication.

C.     DO NOT PRODUCE A DOCUMENT DUMP.  Your response must identify and produce documents with reference to the specific paragraphs of the requests for production.  Documents must be produced in a manner that enables the receiving party to determine where a document begins and ends.  Each page of any document produced in a non-electronic format must be individually identified by a sequential number that will allow the document to be identified but that does not impair review of the document.

D.     You are under a continuous obligation to supplement your answers to these Requests for Production and any other discovery response or disclosure under the circumstances specified in Federal Rule of Civil Procedure 26(e).

## **DEFINITIONS**

A.     "Document" shall include all records, books of account, worksheets, checks, instructions, specifications, manuals, reports, books, periodicals, pamphlets, publications, raw and refined data, memoranda, graphs, drawings, notes, advertisements, lists, studies, meetings, minutes, working papers, transcripts, magnetic tapes or discs, punch cards, computer printouts, letters, telegrams, drafts, proposals, recommendations, and any other data recorded in readable or retrievable form, whether typed, handwritten reproduced, magnetically recorded coded or in any other way made readable or retrievable.

B.     When used in connection with a document, "identify" means to state the type of document (e.g., letter, memorandum, drawing, etc.), the subject matter thereof, the date thereof, by whom written or prepared, by whom signed, to whom sent, the present location (name and address of place) thereof, and the present custodian of the original and copies thereof.  If any such document was, but no longer is, in your possession or subject to your control, state what disposition was made of the document.

C.     When used in connection with a person, "identify" means to state the person's full name and home address, present place of business or employment, present position with respect to such employment or business, and present and past relationship with any of the parties to this lawsuit.  If such person is not presently associated with any of the parties to the lawsuit, state the former relationship of such person to a party and the last known residence.

D.     When used in connection with a business entity, "identify" means to state the full name and present address of such entity, the principal place of business of the entity, and the nature of the entity's function.

E.      "Communication" means any transfer or exchange between two or more persons of any information, whether by written or oral means, including, but not limited to, personal conversation, correspondence, telephone calls and telegrams.  This definition includes all communications for which you claim a privilege.

F.      When used in connection with a communication, "identify" means to provide a brief description of the subject matter communicated, the date it took place, the means of communication (e.g., personal conversation, correspondence, telephone, telegram), the place or places where it occurred, the identity of each document, reporting, referring to, or otherwise pertaining to the communication, and the identity of each person who participated in the communication.

G.      "Person" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency and every other form of entity cognizable to law.

H.      "You," "your," and Plaintiff refer to the party to whom the request for production is directed, each and every name by which the party is known or has been known, and each and every employee, attorney, agent or representative of such party.

The term "action" or "Complaint" shall mean the case entitled *Marglli Gallego v. Ivette Perez et. al,*, Case No. 20-24374-CIV-BLOOM, pending in the United States District Court, Southern District of Florida.

4

**DOCUMENTS TO BE PRODUCED**

1.      All documents supporting, referring, or relating to the allegations, claims, and issues raised in the Complaint.

2.      All documents supporting, referring, or relating to any facts alleged, or any issue raised in the Complaint or in Defendants' Answers and Defenses.

3.      Documents and communications referred to or relied on by you in responding to any of the defendants' interrogatories to you.

4.      All medical, psychiatric, psychological, or counseling bills; mental hospital, mental institution or clinic bills; drug bills; nursing bills; and any other bills, statements, or receipts relating to any expenses incurred by you, and/or your children as a result of or related to any of the events alleged in the Complaint, whether or not they are claimed as part of the damages in this lawsuit.

5.      Copies of any statements taken from any agents or employees of Miami-Dade County regarding the incident.

6.      Copies of any and all statements taken from any witnesses or parties having knowledge regarding the facts and circumstances surrounding all allegations and/or the incident complained of in the pleadings.

7.      All correspondence and other documents referring or relating to any communications between Plaintiff and Miami-Dade County or its agents or employees regarding any fact or issue raised in the pleadings.

8.      All correspondence and other documents referring or relating to any communication that the Plaintiff had with anyone, including parties to this case, regarding any fact or issue raised in the pleadings.

9.      All correspondence, reports, and other documents to or from any other person, organization, or association regarding the actions of Miami-Dade County and its employees or agents, or any facts alleged, or any issues raised, in the pleadings.

10.      All incident reports filed by you for any purpose including, but not limited to, reports to an employer, reports to an insurance company, reports to a governmental entity, reports to Internal Affairs, etc., regarding the allegations in the Complaint.

11.      Any insurance policies or agreements (including, but not limited to, medical

5

insurance, disability insurance, and life insurance) where you are named as the policyholder and/or pursuant to which you have been paid benefits or pursuant to which benefits are payable for expenses or damages that you and/or other damages claimants allegedly suffered as a result of the incident.

12.     Receipts or other documents from insurance companies or any medical provider indicating any amounts paid by insurance companies for medical expenses relating to the incident.

13.     Any non-privileged documents or communications, such as written statements, correspondence, notes, journal or diary entries, blog posts, social media posts, GoFundMe solicitations/posts, or memoranda, whether created or maintained by you and/or other damages claimants, in which the incident is described or which refers or relates to any allegation or issue raised in the pleadings.

14.     All documents or communications, including all medical, psychiatric, or psychological documents, referring or relating to any damages that you in the Complaint, including all documents reflecting how you are calculating your damages, including but not limited, all actual damages.

15.     All medical records and reports of treating and/or consulting and/or examining physicians, including hospital records, emergency room records, clinic records, and all records from any health care provider pertaining to the treatment of you, and/or other damages claimants for any injuries or conditions, including pain and suffering, related to the allegations in the Complaint.

16.     Any and all medical, psychiatric, psychological, or counseling records and notes, as well as other documents and communications, demonstrating your  and/or other damages claimants' health  and mental health history for the period of ten years (10) prior to the incident and up until present day.

17.     Any and all copies of your income tax returns, W-2 forms, 1099's, IRS tax records, and/or other evidence of income for the five (5) years prior to the incident at issue and all such records for each tax year since the incident, together with a record of earnings to date in the current tax year.

18.     Copies of all of your, bank account statements in which you had any ownership

interest during the five (5) years prior to the incident at issue.

19.     All documents, papers, or evidence of income, or loss of income, to be introduced at trial.

20.     All documents referencing any statements you made to any media regarding this incident and action.

21.     Any release, "Mary Carter Agreement", and any other type of settlement agreement between you and any other person, party, or entity, which may or may not have been responsible for the damages claimed by you in this lawsuit.

22.     All reports, including any reports rendered by experts, as well as studies, data, data compilation, testing, and experiments referring to, relating to, or supporting the allegations in, or any issues raised in the pleadings in this case.

23.     Any and all documents used or consulted by any experts in rendering any expert opinions regarding the allegations in, or any issue raised in the pleadings in this case.

24.     Copies of any photographs, recordings, videotapes, digital images, charts, graphs, sketches, diagrams, and any other tangible items or documentary evidence pertaining to the allegations and/or incident in the pleadings and/or that you intend to use during the trial in this case.

25.     Any and all documents relating to any drug or alcohol use or abuse in the ten (10) years prior to the incident.

26.     Any and all criminal records, including juvenile records.

27.     Any and all immigration documents, including naturalization and/or citizenship documents, deportation orders, petitions for citizenship and/or asylum.

28.     All Electronic Communications Service Provider content from Facebook profiles downloaded in compliance with the "download a copy" instructions attached to this Request as Exhibit A. This includes but is not limited to production of all photographs, postings, videos, notes, profile information, wall posts, friend lists, sent and received messages, and any comments that you and/or any other individual or Facebook account holder made on your wall post, photographs and other profile content.

**Note:** The document attached to this Request for Production was created by the "Facebook Help Center." It provides instructions on how to download Facebook content.

7

Please download all Facebook content onto a flash drive or CD and then produce it to Defendant in response to this discovery request.

29.     Electronic copies of complete profiles on any and all other social networking sites or all Electronic Communications Service Provider content (including but not limited to Twitter, X, MySpace, Tumbler, Instagram, LinkedIn, Google+, Four Square, Flicker, Pinterest, Filmow, FilmAfinity, Flixster), including all updates, changes, or modifications to your profiles and any and all status updates, messages, wall comments, causes joined, groups joined, activity streams, blog entries, detailed blurbs, comments and applications for the period from one (1) year prior to the date of the incident to the present.  To the extent electronic copies are not available, please provide documents in hard copy form.

30.     Medicare card, Medicaid card, and/or other Health Insurance Card.

31.     Social Security Disability card and/or Supplemental Security Income card.

32.     Applications for Medicare benefits, Medicaid benefits, and/or other Department of Children and Families' public assistance programs during the past 10 years.

33.     Applications for Social Security benefits including but not limited to Social Security Disability and/or Supplemental Security Income benefits during the past 10 years.

34.     All Social Security award letters received during the past 10 years.

35.     All documents regarding any and all Medicare, Medicaid, Social Security Disability, Supplemental Security Income, and/or other Department of Children and Families' public assistance programs benefits.

36.     All documents and communications regarding any and all requests for hearing for Social Security Disability and/or Supplemental Security Income benefits.

37.     All documents related to application for, processing, denial, acceptance, consideration, or receipt of any government benefits from any state, federal, or local government agency for the past 5 years.

38.     Complete (*please include full name, date of birth, and Social Security Number*) and execute the attached HIPAA Compliant Authorization Form for release of protected health information.

39.     All documents which you contend support your compliance with all conditions precedent to bringing this action.

8

40.     Any and all documents which evidence other lawsuits or claims brought by or filed against Plaintiff, including actions at bankruptcy.

41.     All correspondence evidencing public records requests submitted to Miami-Dade County, Miami-Dade Police Department, Jackson Memorial Hospital, or any other County department.

42.     All documents received in response to public records requests submitted to Miami- Dade County, Miami-Dade Police Department, Jackson Memorial Hospital, or any other County department regarding the incident.

43.     As to each type of insurance in force from the date of the Incident to the present, including, but not limited to, medical insurance, hospitalization insurance, Medicare, Medicaid, disability insurance, medical payments insurance, personal injury protection, health insurance and accident insurance:

a.  Copies of each such contract or policy;

b.  The Identification Card of each such contract policy;

c.  The Declaration Sheet of each such contract or policy;

d.  Each and every application for benefits made under any of the policies, whether pertaining to the accident which is the subject of this litigation or not;

e.  All records of payments, checks, check stubs, memos and correspondence relating to payments made under any of the policies referred to above; and

f.   All documents reflecting billing codes including but not limited to ICD9 codes relating to Medicare coverage, treatment, and payments.

<u>NOTE: You have a duty to supplement these responses if you later learn that the information you provided is in some respect incorrect or incomplete or if you later obtain documents that are responsive to these requests.</u>

9

## HIPAA COMPLIANT AUTHORIZATION FORM PURSUANT TO 45 CFR 164.508

Name or specific identification of the person(s), or class of persons, authorized to make the requested disclosure: (Name of Provider):

Patient Name:
Date of Birth:

I authorize the disclosure of all protected medical information for the purpose of review and evaluation in connection with a legal claim. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information, including the following:

- All medical records, including inpatient, outpatient and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctors' handwritten notes, and records received by other physicians.
- All , laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- All radiology film, , myelograms, CT scans, MRI's, photographs, bone scans, pathology/cytology/histology/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records including all statements, itemized bills, and insurance records.
- All mental health records, including, but not limited to, psychotherapy,, psychiatric,psychological, social,work, and/or counseling records.
- All health insurance information, including but not limited to all medical claims paid which would include provider's name, date of service and amount paid.

Information about alcohol/substance abuse and HIV/AIDS may be disclosed as follows: (check all that apply)

X  Yes, disclose HIV/AIDS information.               OR   ___  No, do NOT disclose HIV/AIDS Information.
X  Yes, disclose alcohol/substance abuse         OR   ___  No, do NOT disclose alcohol/substance abuse
   information                                                              information

I authorize you to release the protected health information to: **Bernard Pastor, Esq., c/o Miami-Dade County Attorney's Office, 111 NW 1st St., Suite 2810, Miami, FL 33128. Telephone No. 305-375-5151; E-mail: pastor@miamidade.gov**

I acknowledge the right to revoke this authorization by writing to the attorney at the Miami-Dade County Attorney's Office notifying the providing organization listed above in writing. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions.

I acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by the recipient and no longer be protected under 45 CFR 164.508.

**This information will be disclosed to the abovementioned requested recipient from records whose confidentiality is protected by the Florida Mental Act, Chapter 394.4615, "Clinical Records; Confidentiality" and by federal law. Federal Regulations (42 CFR Part 2) prohibits the recipient from making any further disclosure of the information without the specific written consent of the person to whom it contains, or as otherwise permitted by such regulations.**

I understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization.

Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein. This authorization expires two years from the date below.

Date: _____
_____
MARGLLI GALLEGO

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 20-24374-CIV-BLOOM

MARGLLI GALLEGO

      Plaintiff,

v.

RICKY GARCIA and
FLAVIO ESCOBAR,

      Defendants.

_____/

## DEFENDANT RICKY GARCIA'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINIFF

Defendant, Ricky Garcia, pursuant to Federal Rule of Civil Procedure 34 and Local Rule

26, requests that produce all documents requested below within 30 days at the Office of the Miami-

Dade County Attorney, 111 N.W. 1st St., Suite 2810, Miami, FL 33128.

DATE: May 13, 2025.

                                     GERALDINE BONZON-KEENAN
                                     Miami-Dade County Attorney
                                     Stephen P. Clark Center
                                     111 N.W. 1st Street, Suite 2810
                                     Miami, Florida 33128

                                     By: /s/ *Bernard Pastor*
                                     Bernard Pastor, Bar No. 46582
                                     Assistant County Attorney
                                     Email: pastor@miamidade.gov
                                     Phone: (305) 375-5151
                                     Attorney for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the  **13th day of May, 2025** a copy of <u>**DEFENDANT RICKY**</u>

<u>**GARCIA'S FIRST REQUEST TO PRODUCE TO PLAINTIFF**</u> was served by email only on

Hilton Napoleon, II, Napoleon Law Firm, 2525 Ponce De Leon Blvd., Ste. 300, Coral Gables, FL

33134, <u>assistant@napoleonfirm.com</u>, attorney for the Plaintiff.

/s/ *Bernard Pastor*

<u>**INSTRUCTIONS**</u>

A.     Where an objection is made to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.  If you object to any request, you must state whether documents are being withheld based on your objection.

B.     If you assert an objection to any production demand, or sub-part thereof, based on claim of privilege, and an answer is not provided on the basis of such claim, you must nevertheless provide the following information pursuant to Local Rule 26.1(e)(2)(B), unless divulging the information would disclose the privileged information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3) the date of the document, electronically stored information or oral communication;

(4) if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and addressee;

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE (305) 375-5151

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document, electronically stored information or oral communication.

C.      DO NOT PRODUCE A DOCUMENT DUMP.  Your response must identify and produce documents with reference to the specific paragraphs of the requests for production.  Documents must be produced in a manner that enables the receiving party to determine where a document begins and ends.  Each page of any document produced in a non-electronic format must be individually identified by a sequential number that will allow the document to be identified but that does not impair review of the document.

D.      You are under a continuous obligation to supplement your answers to these Requests for Production and any other discovery response or disclosure under the circumstances specified in Federal Rule of Civil Procedure 26(e).


## **DEFINITIONS**

A.      "Document" shall include all records, books of account, worksheets, checks, instructions, specifications, manuals, reports, books, periodicals, pamphlets, publications, raw and refined data, memoranda, graphs, drawings, notes, advertisements, lists, studies, meetings, minutes, working papers, transcripts, magnetic tapes or discs, punch cards, computer printouts, letters, telegrams, drafts, proposals, recommendations, and any other data recorded in readable or retrievable form, whether typed, handwritten reproduced, magnetically recorded coded or in any other way made readable or retrievable.

B.      When used in connection with a document, "identify" means to state the type of document (e.g., letter, memorandum, drawing, etc.), the subject matter thereof, the date thereof, by whom written or prepared, by whom signed, to whom sent, the present location (name and address of place) thereof, and the present custodian of the original and copies thereof.  If any such document was, but no longer is, in your possession or subject to your control, state what disposition was made of the document.

C.      When used in connection with a person, "identify" means to state the person's full name and home address, present place of business or employment, present position with respect to such employment or business, and present and past relationship with any of the parties to this lawsuit.  If such person is not presently associated with any of the parties to the lawsuit, state the former relationship of such person to a party and the last known residence.

D.      When used in connection with a business entity, "identify" means to state the full name and present address of such entity, the principal place of business of the entity, and the nature of the entity's function.

3

E.      "Communication" means any transfer or exchange between two or more persons of any information, whether by written or oral means, including, but not limited to, personal conversation, correspondence, telephone calls and telegrams.  This definition includes all communications for which you claim a privilege.

F.      When used in connection with a communication, "identify" means to provide a brief description of the subject matter communicated, the date it took place, the means of communication (e.g., personal conversation, correspondence, telephone, telegram), the place or places where it occurred, the identity of each document, reporting, referring to, or otherwise pertaining to the communication, and the identity of each person who participated in the communication.

G.      "Person" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency and every other form of entity cognizable to law.

H.      "You," "your," and Plaintiff refer to the party to whom the request for production is directed, each and every name by which the party is known or has been known, and each and every employee, attorney, agent or representative of such party.

The term "action" or "Complaint" shall mean the case entitled *Marglli Gallego v. Ivette Perez et. al,*, Case No. 20-24374-CIV-BLOOM, pending in the United States District Court, Southern District of Florida.

**DOCUMENTS TO BE PRODUCED**

1.      All documents supporting, referring, or relating to the allegations, claims, and issues raised in the Complaint.

2.      All documents supporting, referring, or relating to any facts alleged, or any issue raised in the Complaint or in Defendants' Answers and Defenses.

3.      Documents and communications referred to or relied on by you in responding to any of the defendants' interrogatories to you.

4.      All medical, psychiatric, psychological, or counseling bills; mental hospital, mental institution or clinic bills; drug bills; nursing bills; and any other bills, statements, or receipts relating to any expenses incurred by you, and/or your children as a result of or related to any of the events alleged in the Complaint, whether or not they are claimed as part of the damages in this lawsuit.

5.      Copies of any statements taken from any agents or employees of Miami-Dade County regarding the incident.

6.      Copies of any and all statements taken from any witnesses or parties having knowledge regarding the facts and circumstances surrounding all allegations and/or the incident complained of in the pleadings.

7.      All correspondence and other documents referring or relating to any communications between Plaintiff and Miami-Dade County or its agents or employees regarding any fact or issue raised in the pleadings.

8.      All correspondence and other documents referring or relating to any communication that the Plaintiff had with anyone, including parties to this case, regarding any fact or issue raised in the pleadings.

9.      All correspondence, reports, and other documents to or from any other person, organization, or association regarding the actions of Miami-Dade County and its employees or agents, or any facts alleged, or any issues raised, in the pleadings.

10.      All incident reports filed by you for any purpose including, but not limited to, reports to an employer, reports to an insurance company, reports to a governmental entity, reports to Internal Affairs, etc., regarding the allegations in the Complaint.

11.      Any insurance policies or agreements (including, but not limited to, medical

5

insurance, disability insurance, and life insurance) where you are named as the policyholder and/or pursuant to which you have been paid benefits or pursuant to which benefits are payable for expenses or damages that you and/or other damages claimants allegedly suffered as a result of the incident.

12.     Receipts or other documents from insurance companies or any medical provider indicating any amounts paid by insurance companies for medical expenses relating to the incident.

13.     Any non-privileged documents or communications, such as written statements, correspondence, notes, journal or diary entries, blog posts, social media posts, GoFundMe solicitations/posts, or memoranda, whether created or maintained by you and/or other damages claimants, in which the incident is described or which refers or relates to any allegation or issue raised in the pleadings.

14.     All documents or communications, including all medical, psychiatric, or psychological documents, referring or relating to any damages that you in the Complaint, including all documents reflecting how you are calculating your damages, including but not limited, all actual damages.

15.     All medical records and reports of treating and/or consulting and/or examining physicians, including hospital records, emergency room records, clinic records, and all records from any health care provider pertaining to the treatment of you, and/or other damages claimants for any injuries or conditions, including pain and suffering, related to the allegations in the Complaint.

16.     Any and all medical, psychiatric, psychological, or counseling records and notes, as well as other documents and communications, demonstrating your  and/or other damages claimants' health  and mental health history for the period of ten years (10) prior to the incident and up until present day.

17.     Any and all copies of your income tax returns, W-2 forms, 1099's, IRS tax records, and/or other evidence of income for the five (5) years prior to the incident at issue and all such records for each tax year since the incident, together with a record of earnings to date in the current tax year.

18.     Copies of all of your, bank account statements in which you had any ownership

interest during the five (5) years prior to the incident at issue.

19. All documents, papers, or evidence of income, or loss of income, to be introduced at trial.

20. All documents referencing any statements you made to any media regarding this incident and action.

21. Any release, "Mary Carter Agreement", and any other type of settlement agreement between you and any other person, party, or entity, which may or may not have been responsible for the damages claimed by you in this lawsuit.

22. All reports, including any reports rendered by experts, as well as studies, data, data compilation, testing, and experiments referring to, relating to, or supporting the allegations in, or any issues raised in the pleadings in this case.

23. Any and all documents used or consulted by any experts in rendering any expert opinions regarding the allegations in, or any issue raised in the pleadings in this case.

24. Copies of any photographs, recordings, videotapes, digital images, charts, graphs, sketches, diagrams, and any other tangible items or documentary evidence pertaining to the allegations and/or incident in the pleadings and/or that you intend to use during the trial in this case.

25. Any and all documents relating to any drug or alcohol use or abuse in the ten (10) years prior to the incident.

26. Any and all criminal records, including juvenile records.

27. Any and all immigration documents, including naturalization and/or citizenship documents, deportation orders, petitions for citizenship and/or asylum.

28. All Electronic Communications Service Provider content from Facebook profiles downloaded in compliance with the "download a copy" instructions attached to this Request as Exhibit A. This includes but is not limited to production of all photographs, postings, videos, notes, profile information, wall posts, friend lists, sent and received messages, and any comments that you and/or any other individual or Facebook account holder made on your wall post, photographs and other profile content.

**Note:** The document attached to this Request for Production was created by the "Facebook Help Center." It provides instructions on how to download Facebook content.

7

Please download all Facebook content onto a flash drive or CD and then produce it to Defendant in response to this discovery request.

29.     Electronic copies of complete profiles on any and all other social networking sites or all Electronic Communications Service Provider content (including but not limited to Twitter, X, MySpace, Tumbler, Instagram, LinkedIn, Google+, Four Square, Flicker, Pinterest, Filmow, FilmAfinity, Flixster), including all updates, changes, or modifications to your profiles and any and all status updates, messages, wall comments, causes joined, groups joined, activity streams, blog entries, detailed blurbs, comments and applications for the period from one (1) year prior to the date of the incident to the present.  To the extent electronic copies are not available, please provide documents in hard copy form.

30.     Medicare card, Medicaid card, and/or other Health Insurance Card.

31.     Social Security Disability card and/or Supplemental Security Income card.

32.     Applications for Medicare benefits, Medicaid benefits, and/or other Department of Children and Families' public assistance programs during the past 10 years.

33.     Applications for Social Security benefits including but not limited to Social Security Disability and/or Supplemental Security Income benefits during the past 10 years.

34.     All Social Security award letters received during the past 10 years.

35.     All documents regarding any and all Medicare, Medicaid, Social Security Disability, Supplemental Security Income, and/or other Department of Children and Families' public assistance programs benefits.

36.     All documents and communications regarding any and all requests for hearing for Social Security Disability and/or Supplemental Security Income benefits.

37.     All documents related to application for, processing, denial, acceptance, consideration, or receipt of any government benefits from any state, federal, or local government agency for the past 5 years.

38.     Complete (*please include full name, date of birth, and Social Security Number*) and execute the attached HIPAA Compliant Authorization Form for release of protected health information.

39.     All documents which you contend support your compliance with all conditions precedent to bringing this action.

40.     Any and all documents which evidence other lawsuits or claims brought by or filed against Plaintiff, including actions at bankruptcy.

41.     All correspondence evidencing public records requests submitted to Miami-Dade County, Miami-Dade Police Department, Jackson Memorial Hospital, or any other County department.

42.     All documents received in response to public records requests submitted to Miami- Dade County, Miami-Dade Police Department, Jackson Memorial Hospital, or any other County department regarding the incident.

43.     As to each type of insurance in force from the date of the Incident to the present, including, but not limited to, medical insurance, hospitalization insurance, Medicare, Medicaid, disability insurance, medical payments insurance, personal injury protection, health insurance and accident insurance:

a.  Copies of each such contract or policy;

b.  The Identification Card of each such contract policy;

c.  The Declaration Sheet of each such contract or policy;

d.  Each and every application for benefits made under any of the policies, whether pertaining to the accident which is the subject of this litigation or not;

e.  All records of payments, checks, check stubs, memos and correspondence relating to payments made under any of the policies referred to above; and

f.   All documents reflecting billing codes including but not limited to ICD9 codes relating to Medicare coverage, treatment, and payments.

NOTE: You have a duty to supplement these responses if you later learn that the information you provided is in some respect incorrect or incomplete or if you later obtain documents that are responsive to these requests.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE (305) 375-5151

## HIPAA COMPLIANT AUTHORIZATION FORM PURSUANT TO 45 CFR 164.508

Name or specific identification of the person(s), or class of persons, authorized to make the requested disclosure: (Name of Provider):

Patient Name:
Date of Birth:

I authorize the disclosure of all protected medical information for the purpose of review and evaluation in connection with a legal claim. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information, including the following:

- All medical records, including inpatient, outpatient and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctors' handwritten notes, and records received by other physicians.
- All , laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- All radiology film, , myelograms, CT scans, MRI's, photographs, bone scans, pathology/cytology/histology/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records including all statements, itemized bills, and insurance records.
- All mental health records, including, but not limited to, psychotherapy,, psychiatric,psychological, social,work, and/or counseling records.
- All health insurance information, including but not limited to all medical claims paid which would include provider's name, date of service and amount paid.

Information about alcohol/substance abuse and HIV/AIDS may be disclosed as follows: (check all that apply)

| | | |
|---|---|---|
| X  Yes, disclose HIV/AIDS information. | **OR** | ___ No, do NOT disclose HIV/AIDS Information. |
| X  Yes, disclose alcohol/substance abuse information | **OR** | ___ No, do NOT disclose alcohol/substance abuse information |

I authorize you to release the protected health information to: **Bernard Pastor, Esq., c/o Miami-Dade County Attorney's Office, 111 NW 1st St., Suite 2810, Miami, FL 33128. Telephone No. 305-375-5151; E-mail: pastor@miamidade.gov**

I acknowledge the right to revoke this authorization by writing to the attorney at the Miami-Dade County Attorney's Office notifying the providing organization listed above in writing. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions.

I acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by the recipient and no longer be protected under 45 CFR 164.508.

**This information will be disclosed to the abovementioned requested recipient from records whose confidentiality is protected by the Florida Mental Act, Chapter 394.4615, "Clinical Records; Confidentiality" and by federal law. Federal Regulations (42 CFR Part 2) prohibits the recipient from making any further disclosure of the information without the specific written consent of the person to whom it contains, or as otherwise permitted by such regulations.**

I understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization.

Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein. This authorization expires two years from the date below.

Date: _____

_____
MARGLLI GALLEGO