UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24374-CIV-BLOOM

MARGLLI GALLEGO

    Plaintiff,

v.

RICKY GARCIA and
FLAVIO ESCOBAR,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDER, OR ALTERNATIVELY, TO ABATE PRETRIAL DEADLINES

Defendants, Ricky Garcia and Flavio Escobar ("Defendants"), pursuant to Fed. R. Civ. P. 41(b), move to dismiss this case based on Plaintiff's failure to comply with this Court's order, [ECF No. 106], and for lack of prosecution.

On July 1, 2025, this Court granted Plaintiff's counsel's motion to withdraw and ordered that Plaintiff, by July 14, 2025, "either retain counsel or notify the Court of [her] intention to proceed pro se." [ECF No. 106] ¶ 2. The Court specifically warned that failure to comply with this Order "will result in appropriate sanctions, including dismissal without prejudice and without further notice." *Id.* ¶ 3. Additionally, the Court ordered that all "other case deadline will remain strictly in place." *Id.* ¶ 4. To date, Plaintiff has failed to file anything in compliance with the Order, seemingly abandoning the prosecution of this case.

Federal Rule of Civil Procedure 41(b) allows a defendant to move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order[.]" *Moore v. Univ. of Miami*, No. 24-22878-CIV, 2025 WL 886977, at *2 (S.D. Fla. Mar. 21, 2025) (explaining that a "district court is authorized, on a defendant's motion, to dismiss an action for failure to obey a court order"

pursuant to Fed. R. Civ. P. 41(b)); *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (authorizing imposition of sanctions against a *pro se* litigant who ignores a discovery order). "[A] district court may also dismiss a case under its 'inherent authority,' which it possesses as a means of 'manag[ing] its own docket so as to achieve the orderly and expeditious disposition of cases.'" *McNair v. Johnson*, No. 24-10153, 2025 WL 1923126, at *3 (11th Cir. July 14, 2025) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009)); *see also Calden v. Carnival Corp.*, No. 16-21119-CIV, 2017 WL 3773691, at *1 (S.D. Fla. June 22, 2017) ("Courts are vested with [the] inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' and 'to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'") (citation omitted).

Dismissal as a sanction is particularly appropriate where, as here, a party fails to follow Court orders to obtain new counsel or engage in discovery. *See, e.g.*, *Duong Thanh Ho v. Costello*, 757 Fed. Appx. 912, 914–15 (11th Cir. 2018) (affirming district court's dismissal of complaint for Plaintiff's failure to comply with court Order instructing party to obtain counsel in 30 days); *Anderson v. J & L Cable TV Servs., Inc.*, No. 20-CV-60271, 2021 WL 3193167, at *1 (S.D. Fla. June 7, 2021), *report and recommendation adopted*, No. 20-60271-CIV, 2021 WL 3190855 (S.D. Fla. July 28, 2021) (dismissing case where plaintiff disregarded several court orders, failed to attend deposition and court-ordered mediation); *Lyle v. BASF Chemistry, Inc.*, 802 F. App'x 479, 482 (11th Cir. 2020) (affirming dismissal with prejudice where plaintiff repeatedly defied the court's discovery orders); *Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020) (upholding district court's dismissal of case for failure to follow court order); *Kelly v. Old Dominion Freight*

*Line, Inc.*, 376 F. App'x 909, 914 (11th Cir. 2010) (upholding dismissal of complaint for numerous discovery violations, including failure to appear for properly noticed deposition).

Here, the Court forewarned Plaintiff of the potential consequences that would result from failing to comply with its Order: "dismissal without prejudice and without further notice." *See* [ECF No. 106] ¶ 3. To date, however, Plaintiff has yet to retain counsel or advise of her intention to proceed pro se in defiance of the Court's Order. Moreover, Plaintiff has failed to: i) respond to any discovery requests; ii) appear for her deposition; or iii) respond to the pending Motion to Compel. *See* [ECF No. 103]. Given these circumstances, the Court should dismiss Plaintiff's complaint.

If the Court is not inclined to dismiss this case now based on Plaintiff's failure to comply with the Court's Order and engage in discovery, at the very least, Defendants request that all remaining pretrial deadlines be abated pending the Court's disposition of the motion to dismiss. For example, the Court's Order Amending Scheduling Order and Certain Pretrial Deadlines, [ECF No. 99], requires the parties to disclose experts by July 22, 2025. *Id.* ¶ 3. But Defendants cannot retain any expert until they obtain the necessary discovery from Plaintiff and take her deposition, all of which are not possible given her refusal to participate in discovery.[1] In addition to the expert disclosure deadline, several other deadlines are imminent: discovery must be completed by August 19, 2025, and dispositive motions are due September 10, 2025. *Id.* Plaintiff's failure prosecute this case by not responding to the outstanding discovery requests will prejudice Defendants by hindering their ability to properly prepare for and litigate this matter in compliance with the current

---

[1] Defendants propounded written discovery requests on May 13, 2025, and Plaintiff's responses were due on June 12, 2025. Plaintiff has failed to either respond or object to these discovery requests and they are nearly six weeks overdue at this point. In fact, as a direct result of Plaintiff's failure to respond to discovery, her deposition had to be cancelled, prompting Defendants to file a Motion to Compel Discovery [ECF No. 103], which remains pending.

deadlines. Accordingly, Defendants alternatively request that the Court stay or abate all pretrial deadlines until the Court rules on the motion to dismiss.

Dated: July 21, 2025

Respectfully Submitted,

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: /s/ *Bernard Pastor*
Bernard Pastor
Assistant County Attorney
Fla. Bar. No. 46582
Telephone: (305) 375-5151
Email: pastor@miamidade.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that foregoing document is being served this day on *pro se* Plaintiff via U.S. Mail: to

Turner Guilford Knight Correctional Center
Attention: Marglli Gallego
Jail No. 220158953
Cell Location K44
7000 NW 41st St.
Miami, FL 33166

/s/ *Bernard Pastor*
Assistant County Attorney

4